Jordan
v.
Sherwood.

## BAILEY *vs.* HANFORD.

In a case of *reference*, money paid for room-rent, fire and candles, on the hearing of the cause, is a proper item of taxation; the allowance in this case was *one dollar* per day.

February 20.

THE question here was whether in a case of *reference* the prevailing party can, in his bill of costs, tax, as a necessary disbursement, money paid for the *rent of a room* occupied during the hearing of the cause, and for fire and candles; the amount actually paid was *one dollar* per day.

*By the Court*, SUTHERAND, J.   I am of opinion that this is a proper item of taxation, and the amount paid in this case being moderate, should be allowed by the taxing officer.

---

## JORDAN *vs.* SHERWOOD and wife.

A party in interest, although not the party upon the record, is liable to costs, as well those made before as after the accruing of his interest.

February 20.

THE defendants, having succeeded in their defence, asked for a rule for costs against a party who was the *real* plaintiff in the cause, although the suit was prosecuted in the name of another.   The motion was opposed on the ground that the party sought to be charged did not become interested in the suit until after its commencement, and that costs to a considerable amount having been made previous to such interest accruing, he at all events ought not to be subjected to the payment of such costs.

*By the Court*, SUTHERLAND, J.   The party in interest is liable for the costs, as well those made before as after his interest accrued.   Where a party takes an assignment of a demand in suit, he takes it *cum onere*, entitled to the benefits and subject to the liabilities of the assignor.

Motion granted.