## GRIFFIN v. SMITH.

1. A judgment on motion cannot be rendered against the beneficial plaintiff for costs, unless he appears upon the record as the party really interested in the prosecution of the suit.

Error to the Circuit Court of Tuscaloosa. Before the Hon. G. D. Shortridge.

MOTION by the defendant in error, to tax the costs of a suit instituted against him by John J. Webster, against the plaintiff in error, for whose use, and at whose instance, a suit was

unsuccessfully prosecuted by Webster against the defendant in error. The judgment entry recites, that it appearing to the satisfaction of the court, that the suit was instituted at the instance of the plaintiff in error, and that the same resulted in a verdict for the defendant, it is therefore considered, &c. rendering a judgment against the plaintiff in error for the costs. This is now assigned as error.

P. & J. L. MARTIN, for plaintiff in error.

In this case the court below rendered judgment against the plaintiff in error, as usee, in a case previously tried therein, at the suit of John J. Webster v. Andrew Smith, upon motion, without notice to the plaintiff in error, upon the alledged ground that the suit referred to was prosecuted in the name of said Webster, against said Smith, for the use of said plaintiff in error.

The points relied on in this case for reversing the judgment, are :

1. That the judgment was not authorized by law—the court having no jurisdiction of the subject matter, in this form.

2. That the proceeding was *ex parte* (no notice having been given of the motion to the plaintiff in error) and hence the court had no jurisdiction of the case.

3. If admissible in this summary form, the record should show every thing necessary to support the judgment, the facts, &c.

W. COCHRAN, for defendant in error.

COLLIER, C. J.—It is enacted by the act of 1824, that " on all suits instituted in any court of record in this State, in the name of one or more persons for the use of another, and judgment thereon rendered against the plaintiff for costs, it shall be lawful to enter up judgment and execution against the person for whose use such suit may be instituted." Clay's Dig. 316, § 22. This enactment is explicit in declaring that the beneficial plaintiff shall be chargable with the costs, where the defendant is the successful party in a suit thus

prosecuted. But to authorize the rendition of a judgment against such person, it must appear from the record that the suit was instituted for his benefit. This has been the practical interpretation of the act—is enforced by the terms employed, and perfectly consistent with reason and analogy.

In the case at bar, the judgment entry recites that a motion for judgment was made against the plaintiff in error, for whose use, and at whose instance a suit was unsuccessfully prosecuted by J. J. Webster against the defendant, and that costs be taxed against him, 'and a judgment rendered against him therefor as the usee of the plaintiff; and it appearing to the satisfaction of the court, that the suit was prosecuted at the instance of the plaintiff in error, and for his benefit, and that the same resulted in a verdict for the defendant, &c.

It cannot be inferred from all this, that the plaintiff in error appeared upon the record as the party really interested in the prosecution of the suit. Such a conclusion is negatived by the statement of the case on the margin of the judgment, as *"John J. Webster* v. *Andrew Smith,"* as well as by the affirmation of the facts by the court, on which it renders judgment. Now, it is perfectly consistent with the recital in the judgment, to suppose that the name of the defendant in the motion, does not appear in the record of the suit. There is certainly no potency in the barbarism *"usee,"* and if correctness of expression was regarded, it might well have been omitted.

Summary proceedings like the present are never aided by intendment, but must disclose such a statement of facts as to vindicate their regularity. If the defendant in the motion, is really a beneficial plaintiff within the meaning of the statute, he may be charged with the costs, and a judgment *nunc pro tunc* rendered against him.

It results from what has been said, that the judgment of the circuit court must be reversed, and the cause remanded.