## SCOTT AND SCOTT v. JOHN.

1. If a person, not a party to the record, causes an execution to be issued, in the name of a dead plaintiff, and levied on property, to which a claim is interposed, he cannot be compelled, by process of attachment, to pay the costs of the claim suit, it not appearing, that he was a gratuitous volunteer, or that he was aware, at the time, of the plaintiff's death. In such a case, the liability of the party must be fixed by suit in the ordinary mode.

2. Whether, if one person uses the name of another, without his knowledge or consent, in a suit, in the subject matter of which, he has not, and never had any interest, such person would not be liable to attachment, as for a contempt—*quere.*

Error to the Circuit Court of Perry. Before the Hon. John D. Phelan.

THIS case originated in a notice by defendant, to plaintiffs

in error, to show cause why they should not be required to pay the costs, that had accrued in a claim case, wherein one James Scott was plaintiff in execution, Robert H. Porter and David Harding, defendants, and defendant in error, claimant. It appears, that at the time of the issuance and levy of the execution, the said James Scott, the plaintiff therein, was dead, and that it was issued and levied, by the direction of the plaintiffs in error, on the property, which was claimed by the defendant in error.   The case progressed for some eighteen months or two years, when the levy was discharged, and the claim suit dismissed.   The court adjudged, at its spring term, 1848, that the plaintiffs in error pay the costs of the next term of the court, or in default therein, that they then appear, and show cause why an attachment should not issue against them.   At the fall term, 1848, the plaintiffs in error, after due notice, having failed to pay said costs, and showing no cause why an attachment should not issue, it was ordered that an attachment issue against them, and, when arrested, that they be held in custody until the costs are paid.

The judgment of the court is now assigned as error.

A. B. MOORE, for plaintiffs in error.

1. All the authorities cited by plaintiff from New York, were motions predicated on statutes of that state.   2 Cowen, 460 ; 2 Rev. Stat. N. Y. 619, § 44; 621, § 8.

2. If the court quashed the rule upon the ground that the issuance of the *fi. fa.* at the instance of defendants was a contempt of court, it was erroneous, as the statute limits and prescribes the cases in which the courts may punish for contempt, and does not embrace a case of this kind.   Digest, 150.

3. The motion for an attachment should have been predicated on affidavits, setting forth the grounds of the motion. See Gates v. McDonald, 3 Porter, 360 ; 1 Tidd, 479 ; 1 Bacon, 472 ; 9 Johnson, 394 ; 6 ib. 338.

4. The granting the rule for an attachment in this case, was directly in the face of our statute in regard to imprisonment for debt.   See Clay's Dig. 70, § 1, 2.

GARROTT, contra.

1. The suit in which the costs contended for originated,

was a proceeding to try the right of property, and is subject to the same rules as other suits. Jacott v. Hobson, 11 Ala. R. 434.

2. But defendant in error relies not so much on any statute, as upon the general and innate powers of all courts to protect its suitors, and to compel all persons coming under their jurisdiction to do justice. The defendants in error were the parties in interest in the above suit, and after they prosecuted this suit in the name of another until a large bill of costs had accumulated, it is unjust in them to refuse to pay them to the defendant in error. That the law will not permit them to do this, and that defendant in error adopted the proper remedy for redress, is believed to be shown by the following authorities: Webb v. Ward, 7 T. R. 296; 6 Vin. Abr. 323, tit. Costs; 2 Bacon's Abr. 548, tit. Costs; Tyler v. Person, 1 Murph. N. C. R. 498; Ashe, adm'r, v. Smith, 2 Haywood's N. C. R. 305; Norton v. Rich, 20 J. R. 475; Waring v. Bank, 2 Cowen, 460; Schoolcraft v. Lathrop, 5 ib. 17; Jackson v. Van Antwerp, 1 Wend. 295; Colvard v. Oliver and Stiles, 7 Wend. 497; Jordan v. Sherwood and wife, 10 Wend. 622; Brazier v. Tarver, 4 Ala. R. 569.

3. If this proceeding cannot be sustained, it is submitted, that the defendant in error has no remedy. Assumpsit clearly would not lie, and it is also believed that case could not be maintained; because every citizen has the privilege of prosecuting suits for his rights, (provided perhaps he does not do it maliciously,) and if he should be liable to an action for suing for these rights, he would in effect be deprived of this privilege.

COLLIER, C. J.—It has been held, by repeated decisions in New York, that persons who have a beneficial interest in the subject of the litigation, and sue or defend in the names of others, may be adjudged to pay the costs, and compelled to do so by attachment. See Norton v. Rich, 20 Johns. R. 475; Waring v. Barrett, 2 Cow. Rep. 460; Schoolcraft v. Lathrop, 5 Cow. Rep. 17; Jackson v. Van Antwerp, 1 Wend. Rep. 295; Colvard v. Oliver, 7 Wend. Rep. 497; Jordan v. Sherwood, 10 Wend. Rep. 622. But in that state, there is a statute which declares that any "person beneficially inter-

Scott and Scott v. John.

ested in the recovery" in an action which he may bring, or cause to be brought, shall be liable for costs. Under the influence of this enactment, it has been decided, that a person bringing an action in the name of another, is liable for the costs recovered by the defendant against the nominal plaintiff, though his interest in the demand prosecuted, is only by way of mortgage or lien. Whitney v. Cooper, 1 Hill's Rep. 629. And the statute is applicable, though the party thus suing in the name of another was interested only in a part of the demand. Bliss v. Otis, 1 Denio's Rep. 656. But where one person, for the protection of his own interest, defends an action in the name of another, he will not be chargeable with the costs which the plaintiff recovers. Miller v. Adsil, 18 Wend. Rep. 672. Accordingly, where a landlord defended an ejectment in the name of his tenant, it was held that he would not be ordered to pay the costs recovered by the plaintiff. Ryers et al. v. Hedges, 1 Hill's Rep. 646; Livingston v. Clements, ib. 648.

In Butterworth v. Stagg, 2 Johns. Cas. 291, W. brought assumpsit on a promissory note in the name of B., who was neither the payee or holder of the note, or in any manner interested therein ; W. had no authority for thus suing, and B. knew nothing of the suit. The court said, " this is evidently an abuse of the process of the court. It is a contempt to bring a *fictitious* suit, or to use the name of another, without his privity or consent. If we do not interfere, the nominal plaintiff may be materially injured ; and when it is in our power to afford him relief in this summary mode, as for a contempt, we ought to do it, and reach the real person who has perverted the process of the court." A rule was accordingly granted, to show cause why an attachment should not issue against W. In a similar case in North Carolina, the party who thus abused the process of the court, by suing in the name of another, was ordered to pay the costs, and execution was directed to issue for their collection. Ashe v. Smith, 2 Hayw. Rep. 305. This latter decision is not supported by either argument or authority, and is so reported as to entitle it to little weight.

It is needless to notice the citations made by the plaintiff

Vol. 15—72

in the motion, from the British reports, as they relate to requiring security for costs; and besides, the leading case of Webb v. Ward, 7 Term Rep. 296, it is said has been much questioned. See Snow v. Townsend, 6 Taunt. Rep. 123. Tyler v. Person's adm'r, 1 Murp. Rep. 498, belongs to the same category.

By a statute of this state, passed in 1824, it is enacted that " on all suits instituted in any court of record in this state, in the name of one or more persons, for the use of another, and judgment thereon rendered against the plaintiff or plaintiffs for costs, it shall be lawful to enter up judgment, and issue execution against the person or persons for whose use such suit or suits may be instituted." Clay's Dig. 316, § 22. This provision has been always held to apply where the name of the beneficial plaintiff is set out in the record; and indeed, we do not see how the terms employed, could be so extended by construction, as to embrace one whose name was not disclosed upon the record, but who merely used the name of another, in whom the legal right to sue was vested. It would be an extension of the doctrine of equitable construction beyond all precedent, and when, too, the contemporaneous and continuous practical exposition, has given to the language used, its natural and obvious meaning.

We are constrained to think, that the cases first cited from New York, were influenced either by the statute which it seems exists there, or by some rule of practice peculiar to that state. This conclusion is induced by the refusal in the citations from 1 Hill and 1 Denio, to direct a stranger to the record to pay the costs in a case not coming within the statute, and from the additional consideration, that after the most diligent search, we have not been able to find a similar decision in any other state.

The case in 2 Johns. Cases, we think lays down the true rule. There, a person who had not, nor ever had any interest in the note, was made the nominal plaintiff, without his knowledge. This was a palpable abuse of the process of the court, and it was necessary to the vindication of the authority and dignity of the law, as well as the protection of the plaintiff, that an attachment should issue as for a contempt. But if there had been nothing of which a contempt

could be predicated, we imagine the summary and extraordinary power of the court could not have been successfully invoked.

In the case at bar, it does not appear that the plaintiffs in error were mere gratuitous volunteers, in causing the execution to issue in the name of the plaintiff in the judgment. It must, in the present posture of this case, be intended, that they were interested in enforcing payment of the judgment. Nor is it alleged, or proved, that the plaintiffs were aware of the death of the plaintiff in execution at the time the slave was levied on, or even up to the determination of the cause involving the right of property. There is, then, no predicate upon which to rest the wrongful interference of the plaintiffs in error, in causing to be sued out and levied, the execution in the name of the dead plaintiff, or in the prosecution of the consequential suit. If the plaintiff had been living, the execution would have been regular, and the agency of the defendants in the motion could have furnished no pretence for charging them as for a contempt. The ignorance of the plaintiff's death is a circumstance quite as potent to repèl the inference of an abuse of process.

The present proceeding cannot be sustained upon any other hypothesis, than that a contempt of court has been committed. This, we have seen, cannot be deduced from the allegation upon which the jugment of the circuit court was sought. If the plaintiffs in error are chargeable with the costs adjudged to the defendant, their liability must be fixed by an action in usual form. Griffin v. Smith, 14 Ala. 571.

The judgment must be reversed.