## COX'S ADM'R *vs.* WHITFIELD.

1. Where the defendant in an action of *crim. con.* sues out a writ of error to reverse the judgment rendered against him, and dies before errors assigned, the suit may be revived in this court, under the statute, in the name of his personal representative.

2. The act of the 20th December 1844, requiring the judge of the court below to note on bills of exceptions the true date, was intended merely to furnish evidence of the fact that they were signed during the term, and not to render them unavailing, though the date should not appear upon them, if it is shown by other parts of the record that they were actually signed during the term.

3. Although it is not indispensable that the time when a bill of exceptions is signed should appear by an entry on the minutes of the term, yet the record of the suit is more perfect with such entry, and if made, it will be looked to by this court, in the absence of a date on the bill of exceptions, as evidence that such bill was signed during the term.

4. Where in an action of *crim. con.*, a witness testifies that he saw the defendant at the plaintiff's house, in company with the wife of the latter, his opinion as to the purpose for which he was there is not admissible as evidence.

ERROR to the Circuit Court of Limestone.   Tried before the Hon. S. C. Posey.

E. J. JONES, for the plaintiff in error.

R. W. WALKER, for the defendant.

CHILTON, J.—Whitfield recovered a judgment against Cox, in the Circuit Court of Limestone county, for the sum of two thousand dollars, in an action for *crim. con.* with the plain-

Cox's Adm'r v. Whitfield.

tiff's wife. After the rendition of the judgment, Cox sued out a writ of error to this court, and departed this life before errors were assigned. The question is now made, whether in such case the writ of error may be revived and prosecuted in the name of the administrator of Cox. It is conceded, that, at the common law, a writ of error abated where the plaintiff died before errors assigned, and that our statute only allows the personal representative to be made a party for the purpose of prosecuting the writ "in case the cause of action by law survive."—Clay's Dig. 313, § 1. It is insisted in this case by the defendant in error that the original cause of action does not survive. We readily grant that had Cox died before final judgment in the court below, the suit would have abated by reason of his death. But a final judgment was rendered against him. The action here terminated, and it is very certain, that his death, after the rendition of such judgment, did not annul it, but, on the contrary, it is conceded by the counsel, that it could be enforced against the estate of the decedent, and that a *scire facias* would lie to revive it against his personal representative. Now our law would be singularly defective, if a final but erroneous judgment could only be reversed by the defendant while living, thus making his death operate as a release of all errors. It would be difficult to find a reason, which would give to the party himself a right to have an erroneous judgment corrected, and which would deny such right to his personal representative. But such, we are persuaded, is not the law. After the writ of error was sued out and the record was returned to this court, the action was pending here. The action was by writ of error to revise the judgment of the Circuit Court—the cause of action in this court is not the alleged criminal intercourse which Cox had with the wife of the plaintiff below, but the alleged errors, that intervened in the record of the proceedings and rendition of judgment in the Circuit Court against Cox, which this court is prayed to supervise and correct. This proceeding is a new action. The defendant below becomes the actor here, and the original cause of action has become merged in the judgment, to reverse which is the object of the present action. If then the judgment, which is complained of as erroneous, survives, the cause of action as to the writ of error survives, and thus brings the case within both the letter and spirit of the statute above refered to.—Gregg

et al. v. Bethea, 6 Port. 9-18; *Exparte* Norris, Stodder & Co., 2 Ala. 385-7; Pope v. Welch, at the present term.

We have carefully considered the several authorities, which the counsel for the defendant in error has collected and commented on, and the several positions which he has assumed, and it is sufficient to observe, in reply, that the rule which we here assert has been too long followed by this court, now to be departed from; that it is the only practice which would harmonise with our statutes, and certainly is in furtherance of justice. Our opinion is that under the agreement of the counsel on file, the writ of error must stand revived in the name of Cox's administrator.

NOTE BY REPORTER.—After the foregoing opinion was delivered on the motion to revive the suit in the name of the administrator, the case was argued on a motion by the defendant to strike the bill of exceptions from the record, and on the error assigned by the plaintiff, when the following opinion was pronounced:

PARSONS, J.—The motion to strike the bill of exceptions from the record ought not to prevail. The motion rests upon the omission of the judge of the court below to note upon the bill the true date when it was signed. The act which was approved December 20th 1844, required a note of this date, merely as evidence of the fact that the bills were signed during the trial term, and not after. Beyond this the Legislature had no object. It is not required by that act, that bills of exception, that were actually signed during the trial term, shall avail nothing, if the date be omitted. This case is not like those in which this court has held that bills of exception, not having the date, were fatally defective, under the act. That, we would hold again, unless the fact that the bill was signed during the term clearly appeared by the record. But it does appear distinctly by the minute entries of the term, that each of these bills was signed during the trial term.

The counsel of the defendant in error contends that these entries are evidence of nothing and that this court cannot notice them. It is true that they are not indispensable, as the bills of exception, if dated, would have been effectual without them. But although not indispensable, yet we think they were proper

entries, and that every record of the suit is more perfect with than without them, and therefore we unhesitatingly take them as evidence of the fact that the bill was signed during the term. The motion is overruled.

It was proved on the trial by one of the witnesses, that he saw the defendant below at the plaintiff's house in company with the wife of the latter, and the court, against the objection of the defendant below, permitted the witness to give, as evidence, his own opinion relative to the purpose for which the defendant below was there. This evidence was excepted to, and it was, as we think, erroneously admitted. For this, without looking further into the assignment of errors, the judgment is reversed; as the plaintiff in error is now dead, and as the cause of action does not survive, the cause is not remanded.