*Court of Common Pleas, Dauphin County, September* 23d, 1854.

GAMBERS, FOR THE USE OF PARRY, *v.* ROBINSON.

A party for whose use a suit is brought is liable for all the costs from the beginning of the action.

BY THE COURT.—The defendant in this case claims to recover the costs as taxed from Dr. Evans, probably the only solvent plaintiff named on the record. It appears that the suit was originally brought for the use of C. B. Parry, but on the day of trial, to wit, February 16th, 1852, and before the same took place, was marked for the use of C. B. Parry. When Dr. Evans became interested in the claim, does not appear. The questions raised is, can the costs from the commencement of the action be collected from Evans, or is he only liable for those accruing after the assignment of the claim for his use? Secondly, which party is to show when the claim was assigned to him? His name being on the record at the time of trial, and judgment in favor of the defendant, the act of Assembly of 1829 authorizes an execution to be issued against him for the costs. We have no doubt that it will be presumed that he was interested from the begin-

ning, unless he shows the contrary. The writ goes against him as a legal party under the act; and if he desires to be relieved he must show his liability to be for less than the whole. He alone has the means of proving when he obtained or became interested in the claim. The defendant is therefore entitled to have an execution for his costs from the commencement of the suit. Under the first branch of the question we also think Dr. Evans liable for all the costs in the case. Such appears to be the true construction of the act of Assembly, and was the law of Pennsylvania before its passage. Though prior thereto the legal remedy was by an order of court enforced by attachment; whilst the act gives process by execution. Where a person buys a claim before suit is brought, and uses the name of his vendor for its recovery, without having the use stated on the record, he could always be obliged to pay the costs of the controversy, in case of failure. If he purchased it pending a suit for its recovery, he took it *cum onere,* and must defray all the previous costs should he fail. In Canby *v.* Ridgway (1 Binn. 496), the person who took an assignment of the claim pending an action was ordered to pay the costs; and no distinction was made between those arising prior and subsequent to the assignment. In Gallagher *v.* Milligan (3 Penna. 177), it was held that a party, not named on the record, was incompetent to testify, if he originally had an interest in the matter in controversy, being liable for costs. In 7 W. & S. 162, Judge Rogers seemed to think that the costs would be apportioned, and the party would only be liable during the time he held the claim; but that does not appear to have been the point in the case, nor much considered; and the whole distinction of interest in the witness, as there referred to, is overruled in later cases. In Blood *v.* Harrington (8 Pick. 552), it is said " that a *prochein ami,* whose name is entered as such on the record long after the institution of the action, is liable for all costs from the beginning." Where a party entered himself as interested in an ejectment long after suit was brought, he was held liable for costs from the beginning. 4 Gratt. Va. R. 129. The very point appears to have been ruled in Jordan *v.* Sherwood, 10 Wend. 622. A rule was asked on a party in interest, though not named on the record, to pay defendant's costs on failure in the action. It was objected that he did not become interested until long after the commencement of the action, and a large portion of the costs had been incurred; and while it was conceded that he was liable for those subsequent, it was contended that he was not for the prior costs, but the court declared that " the party in interest is liable for costs, as well as those made before as after his interest accrued. When a party takes an assignment of a demand in suit, he takes it *cum onere,* entitled to the benefits and subject to the liabilities of the assignor." This is our case precisely, and is sound law. The defendant is

[Peebles & Co. v. Kerr.]

therefore at liberty to issue his execution against both of the parties for whose use the suit was marked at the time of trial, to collect all legally taxed costs in the case.