## GARRISON vs. BURDEN.

[ACTION TO RECOVER DAMAGES FOR SEDUCTION OF PLAINTIFF'S WIFE.]

1. *Abatement of action by death.*—An action to recover damages for the seduction of the plaintiff's wife, is within the exception as to actions "for injuries to the person," which do not survive, (Code, § 2157,) and abates by the death of the defendant.

2. *Re-enactment of statute with judicial construction.*—The substantial re-enactment in the Code, of a statute which had been judicially construed, must be taken as a legislative adoption of that construction.

3. *Void judgment vacated at subsequent term.*—An order reviving an action which has abated, and which can not be revived, is void for want of jurisdiction, and may be set aside at a subsequent term.

4. *Judgment for costs on abatement.*—On the abatement of an action by the death of the defendant, where no revivor is allowed by statute, judgment for costs can not be rendered against the plaintiff, for the use of the officers of court and witnesses: section 2389 of the Code applies only to cases in which there is a failure to revive through negligence.

5. *When appeal lies.*—A judgment for costs against the plaintiff, for the use of the officers of court and witnesses, where the suit has abated by the death of the defendant, being a nullity, will not support an appeal.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. S. C. POSEY.

THIS action was brought by Redding Garrison, against
Andrew Burden, to recover damages for the seduction of
the plaintiff's wife ; and was commenced by original attach-
ment, which was sued out on the 13th May, 1861. At the
fall term, 1863, the defendant's death was suggested ; and
the cause was ordered to be revived against his personal
representative, when made known. At the spring term,
1864, as the minute-entry states, "the defendant, by his
attorneys, moved the court to dismiss the suit, on the ground
that the defendant had died before the last term of the
court" ; but the court overruled the motion. The motion
was renewed at the next term, and was continued ; and at
the March term, 1866, the court rendered judgment on the
motion, that the said order of revivor " be set aside, and
that the said action do abate ; and that the defendant, for
the use of the officers of court and witnesses, recover of
the plaintiff all the costs by him created about this suit, in
this behalf expended." This judgment, to which the
plaintiff excepted, and each separate part thereof, are now
assigned as error.

THOS. M. PETERS, for appellant.—1. The constitution
secures to every one a remedy by due course of law, "for
any injury done him in his lands, goods, person, or repu-
tation" ; thus, in effect, taking away from the legislature
and the courts the power to destroy his remedy, by abate-
ment, dismissal, or otherwise, where he is not in fault.

2. Whatever may have been the rule of the common law
as to the abatement of personal actions by death, a new
rule was introduced by the Code, which was intended to
remedy the hardship and injustice of the common law.
This statute should be so construed as to aid the manifest
intention of the legislature, and confine the injustice to its
narrowest limits.—Broom's Maxims, m. pp. 400–02 ; Sprowl
v. Lawrence, 33 Ala. 674. The exception in the statute, as
to actions " for injuries to the person," means direct physi-
cal injuries or hurts to the body, and not mere injuries to

Garrison v. Burden.

the feelings; injuries which must be redressed by an action of trespass *vi et armis*, and not by an action on the case. *Commonwealth v. Cooley*, 10 Pick. 37; *Bartlett v. Morris*, 9 Porter, 266; *Troup v. Smith*, 20 John. 44; *Smith v. Sherman*, 4 Cushing, 408; 2 Kent's Com. 75–8; 4 McLean, 599; 1 W. Saunders, 216, note; 21 Pick. 250; 4 Dev. & Batt. 146; 2 Greenl. R. 294; 8 Mass. 430; 1 Blackf. 36; 4 Wheat. 207.

4. The judgment for costs is undoubtedly erroneous.— 24 Ala. 418; 22 Ala. 673, 772; 19 Ala. 198, 268; 17 Ala. 653.

CHITWOOD, HANSELL & CLARK, *contra.*—1. All personal actions abated by the death of the defendant, at common law. By statute in this State, some personal actions are excepted from the operation of this rule; but an action for *crim. con.* is not within the statute.—Clay's Digest, 314, § 6; Code, § 2157; *Cox's Adm'r v. Whitfield*, 18 Ala. 739.

2. The judgment for costs was authorized by section 2389 of the Code. If erroneous, however, the cause will not be remanded on account of it.—*Cox's Adm'r v. Whitfield*, 18 Ala. 739.

JUDGE, J.—The common-law maxim is, that personal actions die with the person. But this maxim has been modified, both in England and in this State, by statutory enactments. Section 2157 of the Code is as follows: "All actions on contracts, express or implied, all personal actions, except for injuries to the person or reputation, survive in favor of and against the personal representatives." And such, in effect, was the statute law of this State prior to the adoption of the Code, with the exception, that the right to revive, under the prior law, was given only to the executor or administrator of the *plaintiff.*—Clay's Digest, 314, § 6; *Coker v. Crozier*, 5 Ala. 369.

Is adultery, or criminal conversation with the wife, in legal contemplation, an injury to the person of the husband? Blackstone and Chitty both declare that it is, and that the law gives a satisfaction to the husband for it, by an action of trespass *vi et armis* against the adulterer; and upon this point we are not aware that there is any conflict of authority.—4 Black. Com. 139–40; 1 Chitty's Pleadings, 168. See, also, *Cox's Adm'r v. Whitfield*, 18 Ala. 738.

We can not concur with the counsel for the appellant, in the position, that the words, "injuries to the person," within the meaning of section 2157 of the Code, are "direct physical hurts to the body of the person, and not mere injuries to his feelings unaccompanied by bodily hurt." These words, in the connection in which they are used in the Code, are of technical import; and "words which have obtained a fixed and definite meaning at common law, in reference to a particular subject, are presumed to be used in a statute, relating to the same subject, in their common-law sense." *Ex parte Vincent*, 26 Ala. 145. Furthermore, before the adoption of the Code, the prior statute, cited from Clay's Digest, in so far as relates to the present question, had been in effect construed by this court, in the case of *Cox's Adm'r v. Whitfield, supra*. In that case, which was an action of *crim. con.*, the judgment recovered against the defendant in the court below was reversed; but, the defendant having died pending the writ of error, the court refused to remand the cause, on the ground that the action had abated by reason of the death of the defendant. The legislature, in substantially re-enacting the provisions of the prior law, which had thus been construed, must be presumed to have had knowledge of, and to have adopted, that construction. Shepherd's Digest, 745, § 29.

3. When the defendant died, the action stood abated. It was, in legal effect, out of court; and the order reviving it in the name of the representative of the deceased defendant, when known, was void for the want of jurisdiction in the court to make it. The order being void, no error was committed by the court in vacating it at a subsequent term.—*Jones' Adm'r v. Brooks*, 30 Ala. 588.

4. But the court had no authority, after declaring the suit abated, to render a judgment against the plaintiff for costs. As a general rule, a judgment for costs can not be rendered in favor of any one, but a party to the suit.—*Patterson v. The officers, &c.*, 11 Ala. 740; *Griffin v. Smith*, 14 Ala. 571; *Scott v. John*, 15 Ala. 566; *Jones' Adm'r v. Brooks, supra*. The defendant was dead, and the officers of court, and witnesses in the cause, were not parties to the suit; and there

Garrison v. Burden.

was no party in court in favor of whom such a judgment could have been rendered.

The exception to the rule stated above, created by section 2389 of the Code, had no application to the case. That section is as follows : " When a plaintiff brings a suit, which he suffers to abate by the death of the defendant, or other cause; or where the suit abates by the death of the plaintiff, and his representatives fail to revive the same, judgment for costs may be rendered against such representatives, in the name of the officers of the court, and are paid as other claims against such estate." If, under the peculiar phraseology of this section, a judgment for costs can, in any case, be rendered "in the name of the officers of the court," against any other party than the *representatives* of a deceased plaintiff ; still, we are of the opinion, that the section was intended to apply only to cases in which the cause of action survives, and in which the action is *"suffered"* to abate by the failure of the proper party to revive it.

As the judgment for costs was a nullity, no execution could issue upon it; and if one should issue, it would be superseded and quashed.—*Patterson v. The officers, &c., supra.* The officers of court, and witnesses in the cause, who may be entitled to costs, have recourse against the party at whose instance they rendered services.—*Jones' Adm'r v. Brooks, supra.*

5. The judgment rendered in this cause, will not support an appeal.—*Patterson v. The officers, &c., supra.* If there had been error in the refusal of the court below to permit the action to be revived, the writ of *mandamus* would have been the appropriate remedy.—*The State, ex rel. Nabors' Heirs,* 7 Ala. 459. And the judgment for costs is not only a nullity, but there is no adverse party to the appellant therein, against whom an appeal could be prosecuted ; Burden being dead, and no officer of court, or witness, being named as a party in the judgment.

Appeal dismissed, at the cost of the appellant.