EDME J. GENET v. NELSON DAVENPORT, Respondent.

Under section 321 of the Code, one taking an assignment of a cause of
   action after suit brought thereon is liable for all the costs of the action,
   "the same as if he were a party," as well those accruing before as after
   the assignment.
*Reade* v. *Waterhouse* (52 N. Y., 587) limited.

(Argued October 6, 1874; decided November 10, 1874.)

APPEAL by George C. Genet from order of the General
Term of the Supreme Court in the third judicial department,
affirming an order of Special Term requiring said appellant
to pay a judgment in favor of defendant for costs herein.

This was an equity action brought to redeem certain real
estate.

After the commencement of this action the said George C.
Genet purchased of the plaintiff and took an assignment of
the cause of action. Upon the trial the complaint was dis-
missed, with costs. The General Term, upon appeal, modified
the judgment, allowing plaintiff or assigns to redeem a speci-
fied portion of the lands in question upon terms prescribed.
Judgment was perfected in accordance with the order. The
appellant here, moved at General Term to correct the judg-
ment and to have the order upon which it was based modified,
so that the portion of the original judgment awarding costs
would be vacated; and, also, so as to show that the modifica-
tion of the judgment below was upon questions of fact as
well as law. The General Term directed the order modify-
ing the judgment to be amended by inserting at the foot
thereof a statement that it was "modified and vacated upon
both questions of fact and law." No further directions were
given as to costs.

*Geo. C. Genet*, appellant, in person. The appellant was
not liable for costs which accrued before the assignment.
(*Reade* v. *Waterhouse*, 52 N. Y., 587.)

*Martin I. Townsend* for the respondent. The court had authority to order that the appellant should pay all the costs. (Code, § 321.)

FOLGER, J. The facts show that George C. Genet became the assignee of the claim of the plaintiff pending the litigation. If the plaintiff was cast in judgment for the costs, the assignee became liable for them, or a part of them. (Code, § 321.) From an examination of the judgment of the referee, and the modification thereof by the General Term, and the subsequent order of the General Term on the motion to correct the judgment, I have no doubt that it was the decision of the latter tribunal, that the defendant Davenport, retained his judgment against the plaintiff, for his costs. The General Term did not mean to, and did not, vacate the judgment of the referee, except in so much thereof as was modified by it. The modification and the vacating were to the same extent, and did not embrace nor affect, the one more than the other; and there was no modification, and therefore no vacating, of the judgment, so far as it gave Davenport costs against the plaintiff. It follows that the appellant, George C. Genet, is liable to the defendant, Davenport, for the whole or some portion of the costs of the action.

The section of the Code above cited is, that an assignee of a cause of action, who becomes such after the commencement of the action, shall be liable for the costs in the same manner as if he were a party. The next to the concluding sentence, in the opinion in *Reade* v. *Waterhouse* (52 N. Y., 587), is relied upon as an authority, that such assignee is not to be personally charged with costs accrued before the assignment. That was the case of one who became assignee of the cause of action officially, through bankruptcy proceedings. It was held that he was not liable personally, for any part of the costs, and still less for those which accrued before he had any official relation with the action.

The language of the Code (sec. 321) is, that where the cause of action shall by assignment become the property of a person

not a party to the action, he shall be liable for *the costs of the action*, the same *as if he were a party.* Now a party, who is liable for any costs, is liable for all. Why is not the assignee, who is liable *as if he were a party?* And it is for *the costs of the action*, that is for all the costs of the whole action, that he shall be liable. In *Col. Ins. Co.* v. *Stevens* (37 N. Y., 536) all the costs of the action were ordered paid from the fund in the hands of receivers of the plaintiff, who had been appointed to that office pending the action. In *Jordan* v. *Sherwood* (10 Wend., 622), a party in interest, though not a party to the record, was held to pay costs, as well those made before as after, the accruing of his interest. The last case is cited as approved, in *Miller* v. *Adsit* (18 Wend., 672, 674; see, also, *Horlock* v. *Priestley*, 8 Simons, 621; *Cook* v. *Hathaway*, L. R. [8 Eq.], * 612).

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.