Haight, J.
The plaintiff as trustee collected the sum of $1,811 upon a life policy of insurance issued upon the life of Lester V. Keyes. This money was claimed by the defendant Helen M. Yosburgh and others, children of the deceased by his first wife; and also by the defendant Mary L. Keyes, his widow.
This action was brought to determine their conflicting claims. It was tried at the Cayuga special term and resulting in a judgment in which the defendant, Mary L. Keyes, was awarded the money in question and costs against the other defendants. Appeals were subsequently taken from the judgment upon the part of the defendants, Helen M. Yosburgh and others, children of the first wife, to the general term and court of appeals, and the judgment was in each court affirmed, with costs.
Motion was then made upon the part of Mary L. Keyes to compel Lemuel W. Bignall to pay her the costs allowed her upon the entry of the judgment of the special term, fifty-six dollars and seventy-five cents, and also the costs allowed her in the general term upon the affirmance of the judgment, seventy-eight dollars and ninety-four cents, upon the ground that Lemuel W. Bignall, after the entry of judgment and before appeal was taken, purchased the interests of the children by the first wife of the deceased and took an assignment thereof and then prosecuted the appeal in their names. The motion was denied, and from the order entered thereon this appeal was taken.
The first question which it becomes necessary to determine is, whether or not Bignall did in fact purchase the claim of Helen M. Yosburgh and others, children by the first wife? The papers read upon the motion disclose the following facts: Charles M. Baker’s affidavit states that he was the attorney *3 for the plaintiff in the action: “And is informed and believes that after the rendering and entry of the judgment and before any appeal therefrom the rights and claims and cause of action of the defendants Catherine C. Livingston, Helen M. Vosburgh, Bichard A. Keyes, Frederick A. Keyes, Cora Iona Keyes and Helen M. Vosburgh as administratrix of the goods, chattels and credits of Huldah Keyes, deceased, became the property of said Lemuel W. Bignall by assignment, purchase, transfer or contract therefor, and that said Bignall acquired his right, interest and property therein for the purpose of taking an appeal from said judgment to the general term of said court and also to the court of appeals, and did cause such appeal to be taken in the names of said defendants, both to said general term and court of appeals. That his information is derived from the statements made under oath by one Artemas C. Vosburgh, by one T. William Meacham and by said Lemuel W. Bignall; said statements under oath were made in course of proceedings supplementary to execution taken under an order, of which schedule “ B ” hereto annexed is a copy; that he was present when each of said statements were made, that they were reduced to writing and respectively signed in his presence by persons making them.”
He further states that in or about August, 1882, at Syracuse, bv. Y., he had a conversation with Lemuel W. Bignall in relation to the action and the judgment for costs rendered therein and in this conversation Bignall said : “ That when
he acquired his interests in said action it was understood or agreed that the defendants in whose names appeals were to be taken were to be relieved and protected against liability for further costs. Deponent then inquired what was the arrangement as to costs already in judgment before appeal to the General Term, to which said Bignall answered that nothing was said about that.
In the proceedings supplementary to execution referred to in the affidavit of Mr. Baker, the testimony of Artemas 0. Vosburgh appears, and is as follows: “ I am husband of *4 Helen M. Vosburgh, one of the defendants in above entitled action. While the action of J ohn Olmstead against Mary L. Keyes and others was pending, I acted as : gent for Frederick A. Keyes, Richard A. Keyes, Cora Iona Keyes, Catherine C. Livingston and my wife, and also Mrs. Vosburgh as administratrix. I was authorized to act as agent for each one of the above named defendants as their agent. I had a transaction with Lemuel W. Bignall; Mr. Bignall was to take the case from where judge Dwight left it, to the general term, and if necessary to the court of appeals, and in the event of his winning the case he was to pay me, as the agent for the above named parties, three hundred dollars, and in case of his losing the case nothing. All above three hundred dollars he was to keep for himself. I think a memorandum was written and signed by Mr. Bignall and myself. * * * Mr. Bignall was to take the case and I be relieved from any further expense in the case. I communicated this agreement to all whom I represented, and they ratified it.”
T. William Meacham also testified in the proceedings as follows: “ I know Lemuel W. Bignall; have had a conversation with him in reference to case of John Olmstead agt. Helen M. Vosburgh and others. I signed a bond or undertaking in this action for Mr.Bignall at his request; my recollection of it is he had purchased the claim of Mrs. Keyes’ children —■ that is, Mrs. Huldah Keyes’ children; one was Mrs. Vosburgh, Mrs. Livingston, Cora Iona Keyes, and I supposed of Frederick and Richard A. Keyes. He did not say when he obtained his interest.”
Lemuel W. Bignall himself also testified, in substance, that while the case of John Olmstead agt. Mary L. Keyes cmd others was pending in the supreme court he had a transaction with Helen M. Vosburgh and certain other defendants in relation to the matter in controversy; that it was after judge Dwight had rendered his decision and before the appeal was taken to the general term; that soon after judge Dwight gave his opinion, Mr. Vosburgh, the husband of Helen M. *5 Vosburgh, stated to him that he was not going to appeal the case; that he, Bignall, reported the statement to Mr. Marshall and that Mr. Marshall suggested that he should have Mr. Vosburgh transfer the case to him so that the case might be appealed to the general term and if necessary to the court of appeals; that in the transaction he dealt with both Mr. Vosburgh and Mrs. Vosburgh; that the'paper delivered to him was signed by Mrs. Vosburgh; that the whole object of the transfer was to enable Messrs. Huger, Jenney, Brooks & French to appeal the case to the general term and to the court of appeals if necessary. That he thought the chances of success were sufficiently sure to warrant his having it transferred to him. In case they succeeded he was to pay $300 in full payment. Otherwise the defendant’s were not to have anything. That his recollection is that Mrs. Vosburgh signed the only paper that passed between them.
In opposition to the motion, Mr. Bignall read his own affidavit in which he says that prior to January, 1879, Vosburgh became indebted to him in a considerable sum of money loaned to him which he could not collect from Vosburgh ; that one day Vosburgh stated to him the facts in this case and he became interested therein, believing that he might possibly be able by the collection of the same, to receive payment on his account. That after the trial and decision in favor of Mary L. Keyes, Mr. Vosburgh was somewhat discouraged, but that Messrs. Huger and Marshall who had become intensely interested in the case and the questions therein, were desirous of having the same tested in the appellate courts; that partly to please them and for the purpose of securing the payment to himself of the indebtedness to Vosburgh, and in the hope of obtaining some remuneration for his trouble in the matter, he urged Vosburgh to continue the action, and in view of the facts agreed that he would talco ca/re of the charges of the firm, of Huger, Jenney, Broolcs <& French, and in case the suit terminated in favor of the children of Huldah Keyes, Vosburgh was to have $300; that his object. *6 was not to acquire by assignment the title to the cause of action, but to secure himself for his claim and trouble, and to do a favor to his friends Messrs. Huger, Jenney, Brooks & French; that thereupon Mrs. Vosburgh alone executed a paper in substance as stated, but that he does not believe tha-t it was in form an assignment; that he has caused diligent search to be made, but it cannot be found ; that his impression is that it was a mere embodiment of the foregoing facts. He also in his affidavit denies the statement sworn to by Mr. Baker as to the conversation had with him.
It will be observed that the affidavit of Mr. Bignall, read in opposition to the motion, modifies in some respects his testimony taken in the supplementary proceedings, and that he denies the statement sworn to by Mr. Baker. We are, however, of the opinion, after a careful reading of the affidavits, that it must be found as a fact that he became a purchaser of the claim of the children by the first wife to the money in controversy after judgment and before appeal; that he caused the appeals to be taken and was to have the money in case he succeeded; that in consideration for the claim he was to pay the expenses, and if successful, the sum of three hundred dollars.
In the second place it becomes necessary to determine whether he is liable for the costs under the facts as disclosed.
Section 321 of the old Code provides : “ In actions in which the cause of action shall by assignment after the commencement of the action, or in any manner become the property of a person not a party to the action, such person shall be liable for the costs in the same manner as if he were a party, and .payment thereof may be enforced by attachment.”
In the case of Walcott agt. Holcomb (31 N. Y., 125, 126), Denio, Ch. J., says: The provisions of the Oode of Procedure in respect to the liability for costs of persons not parties to the record, is broader than the former practice of the courts or the corresponding provisions in the Revised Statutes. It embraces in its language the case of one defending am. aotion *7 in the name of the defendant on, the record, and of a respondent on appeal.
In the case of Genet agt. Davenport (58 N. Y., 607), it was held that under section 321 of the Code of Procedure, one taking an assignment of a cause of action after suit brought therein, is liable for all of the costs of the action the same as if he were a party as well those accruing before as after the assignment.
It appears that executions have been issued upon the judgment against the judgment debtors residing in the state, and that such executions have been returned unsatisfied, and that Bignall is not an attorney or counselor of the courts in this state. The section of the Code quoted, as construed by the authorities referred to, appears to cover the case and to establish the liability of Bignall, if the section in question remains in force and unrepealed, so far as this case is concerned.
Section 3247 of the Code of Civil Procedure took effect September 1, 1880, and at that date section 321 of the old Code was repealed. Section 3352 of the Code of Civil Procedure, however, provides that “ nothing contained in’ any provision of this act other than in chapter fourth, renders ineffectual or otherwise impairs any proceedings in an action or a special proceeding, had or taken pursuant to law or any • other lawful act done or right, defense or limitation, lawfully accrued or established before the provision in question takes effect, unless the contrary is expressly declared in the provision in question. As far as it may be necessary for the purpose of avoiding such a result, or carrying into effect such a proceeding or other act or enforcing or protecting such a right, defense or limitation, the statutes in force on the day before the provision takes effect, are deemed to remain in force, notwithstanding the repeal thereof.”
The cost on affirmance in the court of appeals is not asked in the notice of motion herein. It is only the cost allowed on entering judgment of the special term and affirmance in the general term. The judgment of the special term was *8 entered May 19, 1879, and that of the general term February 28, 1880, so that the right to these costs became fixed by judgment before section 321 of the Code of Procedure was repealed. It is true the appeal in the court of appeals was prosecuted afterwards, but it was not successful and does not consequently affect the judgment theretofore entered. An undertaking was given and a stay of proceedings secured pending the appeal to the court of appeals. Had it not been for the stay thus procured pending such appeal, this motion might have been made and granted before the repeal of section 321. To hold that Bignall is not liable under section 321 would be to relieve him from liability, because of the stay which he procured and which it is now determined was without merit and improper. It is such a result that section 3352 was intended to prevent. That section protects all rights lawfully accrued or established. The right to these costs had become fixed and established by judgment, and the interest of Bignall in the claim had been acquired prior to the repeal of section 321, and it appears to us that his liability for the costs still continues.
If, however, we are wrong in this conclusion, we are still of the opinion that Bignall would be liable under section 3247 of the Code of Civil Procedure. That section provides: “ Where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein; or where after the commencement of an action, the cause of action becomes by transfer or otherwise the property of a person, not a party to the action; the transferee or other person so interested is liable for costs, in the like cases, and to the same extent as if he was the plaintiff; and where costs are awarded against the plaintiff the court may, by order, direct the person so liable to pay them. Except in a case where he could not have been lawfully directed to pay costs personally if he had been a party as prescribed in the last section his disobedience to the order is a contempt of court. But this section does not apply to a *9 case, where the person so beneficially interested is the attorney or counsel for the plaintiff if his only beneficial interest consists of a right to a portion of the sum or property recovered as compensation for his services in the action.”
It will be observed that the first clause of the section pertains to cases in which action is brought in the name of another by a transferee or by a person beneficially interested, and that the second clause pertains to cases where the cause of action becomes the property of a person not a party after the commencement of the action. This second clause of the section is in substance a copy of section 321 of the Code of Procedure. The wording is in substance the same, and in the cases in which other words are made use of, they are used synonymously; as, for instance, the words “ by transfer or otherwise ” are used in the place of the words “ by asssignment or in any other manner.” This second clause is not modified by that which follows, except that it does not apply where the person is the attorney or counsel of the plaintiff, if he has no beneficial interest aside from his compensation for his services in the action. The second subdivision of the section, being the same as section 321 of the Code of Procedure, the construction of that section as made in the case of Genet agt. Davenport (supra) must control.
Order reversed, with ten dollars costs and disbursements, and the motion granted.
Lewis, J., concurred; Bradley, J., not voting; Barker, J., not sitting.