[No. 9040.    Department One. —January 27, 1886.]

## I. G. WICKERSHAM, APPELLANT, v. E. DENMAN ET AL., RESPONDENTS.

PARTITION — CONVEYANCE PENDENTE LITE — LIABILITY OF GRANTEE FOR COSTS — PARTY BENEFICIALLY INTERESTED. — Pending an action for the partition of certain land, wherein one Gates was plaintiff and the present defendants were defendants, Gates conveyed his interest in the land to them. By the decree in partition, the interest of Gates was set apart in severalty in his name, and an allowance was made to him for costs incurred for the common benefit of all persons interested in the land. The costs had not been paid by him, but were due as fees in the action to the officers who had rendered services therein, and the court adjudged payment of the same to him for their benefit. This action was brought to recover the amount of the costs due to the plaintiff for his services as clerk of the court in which the partition suit was brought. *Held*, that

under sections 796 and 798 of the Code of Civil Procedure, the defendants were liable for the costs, and that the plaintiff, as the party beneficially entitled thereto, could maintain the action.

ID. — AGREEMENT FOR PAYMENT OF COSTS. — The conveyance by Gates was made in pursuance of an agreement between him and the defendants, whereby they assumed payment of all the costs which would be chargeable upon the interest conveyed, and expressly agreed to take it subject to all legal costs chargeable against it. *Held*, that the defendants were also liable for the costs in question under this agreement.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Stanly, Stoney & Hayes, Latimer & Morrow*, and *Calhoun Benham*, for Appellant.

*E. J. Pringle*, for Respondents.

McKEE, J. — This was an action to recover the sum of $4,496, awarded to the plaintiff's assignor, as fees due him for services rendered in an action of partition pending in the court of which he was clerk at the time of the rendition of the services.

Against the objection and exception of the plaintiff, the court struck from the complaint all allegations of a statement of facts constituting a cause of action upon an implied promise of the defendants to pay the moneys awarded to the clerk, and tried the case upon averments of a statement of facts constituting a cause of action upon an express promise; and after hearing the evidence offered and given by plaintiff and defendants, upon the issues joined upon these averments, it ordered, upon motion of defendants, that a nonsuit be granted, and subsequently denied a motion for a new trial.

It is insisted that in each of these orders the court erred.

The evidence taken in the case tended to show that in May, 1860, Horace Gates commenced an action in the

then District Court of Sonoma County against Francis Salmon, Gustave Touchard, and many other persons named as defendants, for partition between said plaintiff and defendants as tenants in common of a large tract of land, situated in the counties of Marin and Sonoma, known as the Laguna San Antonio or Bojorquez rancho.

All persons named in the complaint as defendants regularly appeared and answered, setting forth the interests in the ranch which they respectively claimed. Up to September, 1865, while proceedings were pending, there were incurred by the plaintiff, for the common benefit of all the tenants in common, costs which were due and owing to the clerk of the court for services therein. In that condition of the case, defendants associated themselves for the purpose of buying from Gates, the plaintiff in the action, for their mutual benefit, his estate and interest in the ranch, and his right of action in the partition suit; and to accomplish that purpose, they entered into an agreement in writing, which, among other things, recited as follows:—

" This indenture, executed and delivered this first day of September, 1865, witnesseth: That whereas, each of the parties is in possession of a portion of the tract of land known as the Bojorquez rancho, under claim of title; and whereas, the action entitled *Gates* v. *Salmon et als.*, for the partition of said Bojorquez rancho, directly affects the parties hereto by and through the portion of said rancho so in their possession;

"And whereas, it is by the parties hereto deemed advisable that the title of said Gates and of divers other persons, and the costs already incurred in the said action, should become the property of these parties for the purpose of perfecting their several titles to the tracts of land so in their possession, and for other purposes;

" Now, therefore, . . . . it is hereby mutually agreed, each with all and one with another, that the purchases of title of said Gates and others, and of said costs, shall

be made; and in order that the funds requisite for so doing may be raised, it is hereby agreed that:—

. . . .

" Third—An executive committee, consisting of H. Meacham, C. Railsback, G. Warner, W. H. Dalton, S. M. Martin, and E. Denman, is hereby appointed for the transaction of business under the agreement, and to carry the same into effect," etc.

The executive committee whom the defendants appointed to act for them subsequently—i. e., on the 26th of October, 1865—contracted in writing with Gates to buy in his entire interest in the ranch and in the partition suit for ten thousand dollars, payable to him according to the terms of the contract; and in the contract it was mutually agreed between Gates and them that the purchase of his interest was not to render them liable for any costs incurred by him " in said suit, except such as are properly chargeable as costs in said action, and which may be taxed as costs therein, and made a lien upon his interest . . . . in said tract of land, but they, as parties of the second part agree to take said land conditioned as above and subject to all legal costs chargeable against the interest of the party of the first part in the said tract of land." They also agreed to prosecute the partition suit to final judgment, and for that purpose to retain and employ attorneys.

For the purpose of performing the contract between him and the executive committee of the associated defendants, Gates, on November 7, 1865, transferred all his interest in the ranch to A. W. Thompson, who was his attorney of record in the partition suit; and on January 22, 1866, Thompson, by his deed, conveyed his interest to " E. Denman, W. H. Dalton, C. Railsback, S. M. Martin, G. Warner, and H. Meacham, executive committee and trustees of the Bojorquez Land Association, and in trust for the said association." The deed recited as the consideration thereof the sum of ten thousand dollars;

and upon being acknowledged and delivered, it was recorded in the recorder's office of Sonoma County on March 26, 1866. Thereafter the attorney of record for Gates withdrew from the case. Gates ceased to have any interest in the ranch or in the partition suit; but the defendants, as the only tenants in common of the ranch, employed attorneys, who continued the action in the name of Gates, and prosecuted it to final judgment for their benefit.

The interlocutory decree in the action was rendered on the 22d of June, 1872. By the decree it was ascertained and determined that Gates was at the commencement of the action entitled to an undivided one-ninth interest in the ranch; and that interest was subsequently allotted and set apart in severalty in his name.

Final judgment confirmatory of the partition was entered and recorded in March, 1877. By it the court, after adjudging that the partition be effectual forever, ordered "that the costs of the plaintiff and defendants be taxed as between party and party, and apportioned as between plaintiff and defendants according to their respective interests in the lands partitioned, and that each of the several parties whose bill of costs as taxed exceeds the amount of his share of the whole costs and expenses, have execution against the other or others for the balance there is due as ascertained and settled by the court."

The costs of the partition amounted to $36,237. Of that sum $6,810 was allowed in the name of Gates, as representative of the one-ninth part of the ranch allotted in his name. The allowance exceeded the amount of the costs taxed and apportioned to the interest allotted to him by $2,784, and the court adjudged that the excess should be paid to him by all the defendants. But the allowance was made to him for costs incurred in the action for the common benefit of all persons interested in the ranch, and he had not, in fact, paid them; they were

due and owing as fees in the action to the officers who had rendered the services, and the court adjudged payment of the same to him for the benefit of those who were entitled to them.   The clerk of the District Court of Sonoma County, assignor of the plaintiff, was entitled to receive $4,496 of the costs allowed in the name of Gates.   The defendants paid for the benefit of those entitled the $2,784 in excess of the proportion of the costs chargeable to the interest in the ranch allotted to Gates, but they refused to pay the plaintiff the costs incurred in the action which were due and owing to his assignor, and the court below held they were not expressly or impliedly bound to pay.

We think the judgment is erroneous.   For the costs which were allowed and taxed in the name of Gates for the benefit of the officers who had rendered the services in the action for which they were allowed, were incurred for the common benefit of the real parties to the action. These were the defendants in the action, each of them being an actor in the action, who, after the acquisition of Gates's title and interest, were the real owners of the the ranch, and prosecuted the action for their exclusive benefit; they, and they only, being entitled to the fruits of the judgment.   The interest allotted to Gates, therefore, belonged to them, and they were legally bound as owners of the interest for the payment of the costs chargeable upon it.

The law under which the defendants prosecuted the partition proceedings in the name of Gates provided as follows:—

"The costs of partition, including reasonable counsel fees expended by the plaintiff or either of the defendants for the common benefit, . . . . must be paid by the parties respectively entitled to share in the lands divided in proportion to their respective interests therein, and may be included and specified in the judgment." (Code Civ. Proc., secs. 796, 798).   As the only parties "entitled to

share in the lands divided," the defendants were therefore under the law liable for the just proportion of the costs of the partition charged upon the interest which belonged to them, although the interest was nominally allotted and set apart in severalty to their grantor.

Having acquired it for their use and benefit in an action which was thereafter to be prosecuted in the name of Gates for their purposes, they took the land and the action *cum onere*, entitled to the benefit and subject to the liabilities incurred in the action by their assignor. (*Jordan* v. *Sherwood*, 10 Wend. 622; *Miller* v. *Franklin*, 20 Id. 632.)

Besides, when the defendants by their "executive committee" contracted to buy from Gates his interest in the ranch and the partition suit, they assumed payment of all the costs which would be chargeable upon the interest, and especially agreed to "take it subject to all legal costs chargeable against it." Under that contract Gates did transfer his interest in the ranch to them, and they prosecuted the action in his name for their exclusive benefit to a final judgment, in which the interest which they had acquired from him was taxed for its proportion of the costs of the partition. That being so, the obligation to pay such costs to those beneficially entitled to them arose, not only from the operation of the law under which the ranch was partitioned, but from the contract by which the defendants had acquired the title to the interest in the ranch, upon which the costs were charged; and upon the breach of their obligation the persons for whose benefit the costs were adjudged to be due and owing were entitled to maintain an action for their recovery. (Civ. Code, sec. 1559.)

The nonsuit was improperly granted.

Judgment reversed, and cause remanded for a new trial.

Ross, J., and McKinstry, J.. concurred.

Hearing in Bank denied.