# Craft, Admr. v. Cowart *et al.*

*Proceeding by Administrator in Probate Court for Sale of Intestate's Lands.*

1. *Judgment on application by administrator for sale of lands; revivor of decree of sale; appeal.*—The judgment of a probate court refusing to grant the motion of an administrator *de bonis non* to revive and authorize the execution of a decree of said court ordering the administrator in chief to sell the lands of the intestate, but which were never sold, is not such a judgment as will support an appeal.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

Gaylord B. Clarke, as administrator of the estate of B. H. Stout, filed a petition in the probate court of Mobile county, asking for the sale of real estate belonging to the estate of his intestate, to pay the taxes thereof. A decree was rendered ordering the said sale of said lands on February 15, 1892. Gaylord B. Clarke died without having sold the lands, and after his death and before the appointment of his successor, the heirs of the intestate took proceedings in the probate court to sell the

[Craft, Admr. v. Cowart *et al.*]

lands for partition between them. Under these proceedings the lands were sold to Doretta M. Cowart and others, the appellees in the present case. Subsequently John Craft was appointed administrator *de bonis non* of the estate of B. H. Stout, and petitioned the court for leave to proceed with the execution of the former decree of sale, to pay the remaining debts of said estate. Against the objection of said administrator *de bonis non* Doretta M. Cowart and the other purchasers at the sale for partition, intervened as parties defendants and resisted the petition to execute the former decree of the court. On the hearing of the cause the court rendered a decree refusing the petition of the administrator *de bonis non;* and to this ruling the petitioner duly excepted. From this decree the petitioner appeals, and assigns the rendition thereof as error.

D. B. COBBS and R. T. ERVIN, for appellant, cited *Bruce's Ex. v. Strickland,* 47 Ala. 194; *Tabor v. Lorance,* 53 Ala. 544; *Buford v. Ward,* 108 Ala. 308.

GREGORY L. & H. T. SMITH, *contra,* cited *Bland v. Bowie,* 53 Ala. 159; *Pollard v. Hanrick,* 74 Ala. 339; *Siraly v. Scott,* 56 Ala. 557.

HARALSON, J.—The order of sale in favor of Gaylord B. Clarke, as administrator of B. H. Stout, was made in the probate court, on the 15th February, 1892. Said Clarke died in June, 1893, and the appellant, John Craft, was appointed administrator *de bonis non* of the estate of B. H. Stout, on the 13th of August, 1898. It also appears that the real estate which was ordered to be sold, by the said decree of February 15th, 1892, has never been executed, that said lands were never sold by said Clarke as administrator, nor by any other person under said decree, and no effort has been made to have said decree executed, until the 27th of February, 1899, when said administrator *de bonis non* filed a motion in said probate court asking the court "to direct him to proceed with the execution of said decree in accordance with the terms and directions thereof." The court refused the motion, and from the order of refusal this appeal is prosecuted.

The application made by the administrator *de bonis non* in this case for the court to direct him to proceed to execute the decree of sale rendered in favor of the administrator in chief, his predecessor, though not purporting to be a motion for a revivor of said decree of sale in his name, was in substance nothing more nor less than such a motion.

Assuming without deciding that such a decree can be rendered in favor of and in the name of the administrator *de bonis non*, still we must hold that the action and judgment of the lower court refusing to grant the plaintiff's motion to revive and directing him to proceed to execute the same, was not such a judgment as will support an appeal.—*Garrison v. Burden*, 40 Ala. 513.

The appeal must be dismissed.