HOEFLE et al. v. AMERICAN LAUNDRY MACHINERY MFG. CO.

(Supreme Court, Appellate Division, Second Department.   March 20, 1914.)

:1. SET-OFF AND COUNTERCLAIM (§ 31*)—MATTERS WHICH MAY BE OFFSET.

In an action by a trustee in bankruptcy, a judgment for costs, recovered against the bankrupt after the trustee's appointment in an action by the bankrupt on the same claim, could not be offset.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 52;  Dec. Dig. § 31.*]

:2. ACTION (§ 67*)—PROCEEDINGS—STAY.

Where defendant was awarded costs in a previous action, on the same claim brought by the original plaintiff, now represented by his trustee in bankruptcy, and in which two of the present plaintiffs were interested parties, defendant's motion to stay the action until the judgment for costs is paid should be granted, for the judgment could not be offset, and the persons beneficially interested are, under Code Civ. Proc. § 3247, absolutely liable for costs as if they were plaintiffs.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 739–751;  Dec. Dig. § 67.*]

Appeal from Special Term, Kings County.

Action by Emil Hoefle, as trustee, etc., and others against the American Laundry Machinery Manufacturing Company.   From an order denying defendant's motion for stay in proceedings until judgment for ·costs should be paid, defendant appeals.   Order reversed, and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Julius B. Baer, of New York City, for appellant.

J. A. Seidman, of New York City, for respondents.

PER CURIAM.   [1, 2]  The present three plaintiffs are the assignee in bankruptcy joined with two prior assignees of the cause of action under an assignment before the bankruptcy.   These prior assignees, Messrs. Engesser and Abramson, according to the affidavits filed in the New York county action, were beneficially interested in that suit. The judgment in that action for costs, having been recovered after the trustee's appointment, could not be here offset.   Knight v. Rothschild, 132 App. Div. 274, 278, 117 N. Y. Supp. 26.   There is therefore a good ground to stay the present suit until the previous judgment for costs shall be paid.   Genet v. Davenport, 58 N. Y. 607;  Barton v. Speis, 73 N. Y. 133;  Behrens v. Sturges, 138 App. Div. 537, 123 N. Y. Supp. 224.   Whether or not the assignee in bankruptcy could be ·charged personally with these costs is not now involved.   The real ·question is whether, by bringing a second suit in this county, the plaintiffs can escape liability for the costs imposed in the original suit, in which the trustee and the two other plaintiffs actively and beneficially participated.   As was held in Nelligan v. Groth, 126 App. Div. 444, 110 N. Y. Supp. 619, the liability of the person beneficially interested for costs "is absolute, and to the same extent as if he was the plaintiff." Code Civ. Proc. § 3247.   Defendant has therefore a right to have the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

costs of the original suit paid him before he can be put to the trouble and expense of defending another action for the same cause.

The order appealed from is reversed, with $10 costs and disbursements, and defendant's motion for a stay granted, with $10 costs.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.