# Killebrew *v.* Carlisle.

*Action for Malicious Prosecution.*

1. *Exclusion of evidence of an admitted fact, if error, without injury.*
Where a fact offered to be proved is admitted, the exclusion of evi-dence to prove such fact, if erroneous, is error without injury.

2. *Element of damage.*—In an action of malicious prosecution, evi-dence that the person at the time of his alleged malicious prosecution and arrest, was a married man, is competent, the deprivation of society of one's wife, and family, and the taking away of such person from his wife being an element of damage in such action.

3. *Same.*—Expense incurred in the way of attorney's fees in de-fending a malicious prosecution is an item of damages sustained by such prosecution.

4. *Evidence of probable cause.*—Upon evidence being introduced "that plaintiff had gone on land in possession of the defendant, car-rying a gun, and saying that if defendant gathered any more of the crop he would shoot him," for the purpose of showing probable cause for a prosecution against the plaintiff for a breach of the peace, it is incompetent as evidence to rebut such presumption, to show that the plaintiff was in the habit of carrying his gun when going about his farm, unless it is also shown that the defendant had knowledge of such habit of the plaintiff.

APPEAL from Circuit Court of Dale County.
Tried before Hon. CHARLES WILKINSON, Special Judge.

Action by J. C. Kilebrew against R. K. Carlisle to recover damages for an alleged malicious prosecution.

The prosecution for which the plaintiff brings this action for being maliciously prosecuted was a proceeding to keep the peace, instituted at the instance of the defendant, on the alleged ground that the plaintiff had forbidden him to

[Killebrew v. Carlisle.]

enter upon and gather the crops on certain land, and had threatened to shoot him if he did so. The facts of the prosecution, and the discharge of the plaintiff, were proven on the trial; and the plaintiff introduced testimony tending to show that he did not make any threats against the defendant. Upon the examination of the plaintiff, it was proven, against the objections and exceptions of the defendant, that he was a married man; and the plaintiff was also allowed, against the objections and exceptions of the defendant, to prove what were reasonable attorney's fees in defending the proceeding for keeping the peace. The testimony for the defendant tended to show that, while upon the lands of which he had been placed in possession, the plaintiff came thereon, having a shotgun with him, and forbade his gathering any of the crops thereon. He also proved that he had been placed in possession of this property by order of the court, and, upon his offering to introduce in evidence the record of the suit in ejectment against the plaintiff, the court excluded this testimony, on motion of the plaintiff, and the defendant duly excepted. The defendant also introduced evidence tending to show that, upon submission of the facts attending the threats made by the plaintiff, to an attorney, he was advised that a proceeding to keep the peace would lie against the plaintiff, and that thereupon he instituted the proceeding here complained of. The plaintiff denied that he made any threats against the defendant, and proved, against the objection and exception of the defendant, that it was his habit to carry his gun with him when he went to the plantation. The court, in its general charge, among other things, instructed the jury as follows : "That if the jury should find for the plaintiff, then they should find the value of plaintiff's counsel fees in the justice's court." The defendant duly excepted to this portion of the general charge, and also excepted to the court's refusal to give each of the following written charges requested by him: (1.) "That, if the jury believe from the evidence that the defendant had been put in possession of a certain piece of land, and there was a crop on said land at said time, and that the plaintiff afterwards removed said crop, or any portion thereof, without the consent of the defendant, then it was such an act on the part of the plaintiff as might produce a probable cause in the mind of the defendant to sue out said warrant; (2.) that if the jury believe from the evidence that the defendant had been put into possession of a certain piece of land by the sheriff of said county of Dale, under legal process, and that there was a crop growing on said lands, and removed

[Killebrew v. Carlisle.]

said crop from said lands, after the defendant had been in possession of the same, and without the defendant's knowledge or consent, then they may look to such fact, if such be a fact, from the evidence, to see whether or not the defendant had probable cause for suing out said warrant; and if, from all the evidence, they believe that the defendant had probable cause for suing out said warrant, then they must find for the defendant."

ROBERTS, GARDNER & BLACKBURN, for appellants. (No brief came to the hands of the reporter.)

H. C. MARTIN, for appellee, cited 14 Am. & Eng. Ency. of Law, 302; *Ib.* page 73, section 1; 59 Mich., 222; 4 Watts, 352; 17 Ala. 547.

McCLELLAN, J.—It was admitted on the trial below that defendants had been put in possession of the land described in the evidence and were in possession of it at the time the proceeding under which plaintiff was arrested for alleged threatened breach of the peace was instituted. If the court erred, therefore, in excluding the record of the suit in ejectment under a judgment and writ of assistance in which defendants so held possession, the error was of no possible detriment to defendants.

The court did not err in admitting evidence that plaintiff at the time of his alleged malicious prosecution and arrest was a married man. The deprivation of the society of one's wife and family, the arrest and taking away of the plaintiff from his wife is a proper item of damage in this class of actions; and proof of the marital relation is a necessary link in the evidence to establish such damage.—14 Am. & Eng. Encyc. of Law p. p. 71–73, and authorities there cited. It was also competent for plaintiff to show as an item of the damages sustained by him, the expenses incurred in the way of attorney fees and the like, in defending the alleged malicious prosecution.—*Marshall v. Betner*, 17 Ala. 832; 14 Amer. & Eng. Encyc. of Law, note p. 93.

It appeared from the amended complaint in a former suit by this plaintiff against these defendants for malicious prosecution wherein plaintiff was charged with unlawfully gathering and removing the crop grown on the land referred to that no claim was made in that suit for damages claimed in this, and, the wrong alleged in the two suits being distinct, the alleged malicious prosecutions being for distinct offenses, the court properly excluded the record in the former suit

[Killebrew v. Carlisle.]

from the jury. Having done this at the instance of the plaintiff, and thus held that the former recovery was foreign to the present claim, it was error to allow plaintiff to introduce certain docket entries made in that action and the testimony of plaintiff's counsel therein to the effect that no evidence was offered on that trial touching the wrongs and injuries alleged in this action; but we are unable to conceive that any injury could have resulted to defendants from its admission, since without it they were entitled to no advantage whatever by reason of the recovery in the other suit.

The defendants had instituted a prosecution against plaintiff for the purpose of having him bound over to keep the peace. A part of the evidence relied on as going to show that he was about to commit breaches of the peace upon the persons of the defendants was to the effect that while defendants were in possession of the land and engaged in gathering the crop therefrom, plaintiff went on the land where the crop was growing with his gun and said that if the defendant who had harvested a part of the crop attempted to gather what remained of it he, the plaintiff, would shoot him. The fact of plaintiff's being there with his gun, taken in connection with the information received by defendant of the alleged threat to use it, tended to show, of course, that defendants had probable cause for believing that plaintiff intended to commit a breach of the peace. If it was plaintiff's habit "to carry his gun with him to the field and going to his plantation to work," and this habit *was known to the defendants*, evidence of it was admissible as tending to show that the presence of the weapon on the particular occasion was due to this custom of plaintiff and not to any purpose on his part to use it in the commission of a breach of the peace; but there is no evidence that defendants had any knowledge of this habit, and we are unable to see that the fact of its existence, if wholly unknown to them, could have exerted any influence in determining the question of defendants' malice or whether they had probable cause for believing plaintiff intended to commit violence upon their persons. Yet it is very probable that it was accorded an influence by the jury. The testimony of this habit, without any evidence that defendants knew of it, was therefore improperly admitted, and must operate a reversal of the judgment.—*Josselyn v. McAllister*, 25 Mich. 45.

The charges given by the court and the rulings on charges requested by defendants are free from error.

Reversed and remanded.