# Hawkins *v*. Collins.

*Malicious Prosecution.*

(Decided June 19, 1912.   59 South. 694.)

1. *Malicious Prosecution; Damages; Attorney's Fees.*—In an action for malicious prosecution, if the plaintiff is entitled to recover, he is entitled to recover his reasonable attorney's fees incurred in defending himself against the prosecution; the recovery, however, is confined to what is a reasonable attorney's fee, and not to the amount actually paid the attorney.

2. *Same; Pleading.*—While attorney's fees are recoverable as damages in an action for malicious prosecution, they are not recoverable under the general allegation of damages, but must be specially claimed.

3. *Same.*—Damages which flow proximately and naturally from a malicious prosecution, are recoverable, but only such damages are recoverable under a complaint claiming for general damages as necessarily resulted from the prosecution.

4. *Same; Want of Probable Cause; Other Elements.*—If instituted without malice or with a probable cause, a recovery cannot be had for malicious prosecution, as it is essential to a recovery that the prosecution be instituted, without probable cause and with malice.

5. *Same; Burden of Proof.*—In an action for malicious prosecution the plaintiff has the burden of showing that the prosecution was instituted by the defendant maliciously and without probable cause.

6. *Same; Malice; Inference; Probable Cause.*—The jury may infer malice from the fact that the prosecution was instituted without probable cause.

APPEAL from Clay County Court.

Heard before Hon. O. B. CORNELIUS, Special Judge.

Action by Tom Collins against J. M. Hawkins for damages for malicious prosecution.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUETT, for appellant.   The evidence without conflict showed that defendant in the prosecution had failed and refused to perform the du-

ties required of him by subdivisions 3 and 4, section 5797, Code 1907, which is made a misdemeanor by section 7736, Code 1907. A prosecution begun on probable cause will not support an action of malicious prosecution.—5 Mayl. 624. Attorney's fees are not recoverable in this action unless specially pleaded.—*Tutwiler C. C. & I. Co. v. Tuvin,* 158 Ala. 657. On these authorities, it must be held that the court was in error in the charges given for plaintiff and refused to defendant, and in the exclusion of testimony offered.

WHATLEY & CORNELIUS, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—This suit was brought by appellee against appellant for damages for a malicious prosecution, which the appellee claims the appellant instituted against him. The complaint makes no claim for attorney's fees incurred by appellee on account of such alleged malicious prosecution. While, in an action for a malicious prosecution, the plaintiff is entitled to recover, if entitled to recover anything, his reasonable attorney's fees incurred in defending himself against such prosecution, the plaintiff must, as a necessary prerequisite to their recovery, specifically claim such fees in his complaint as one of the elements of his damages. He is not entitled to recover them under a mere general allegation of damages in the complaint. In such actions the reasonable amounts so paid attorneys are not general, but special, damages; and such damages must therefore be specially pleaded. The attorney's fees so recoverable in such actions are the reasonable amounts so paid attorneys, and not the actual amounts so paid. The actual amounts so paid may not have been reasonable, and the law in such actions per-

mits only the reasonable amount so paid to be recovered.—*Tutwiler Coal, Coke & Iron Co. v. Tuvin,* 158 Ala. 657, 48 South. 79.

While in cases like the present it may be stated, as a general proposition, that all damages which flow from the malicious prosecution as the natural and proximate results thereof are recoverable, nevertheless, under a complaint claiming general damages, only such damages as necessarily result from the malicious prosecution can be recovered. "The defendant is presumed to know the damages which necessarily result from his own acts; and consequently he cannot be taken by surprise when evidence of such resulting damage is admitted and shown under the ad damnum or general allegations of damages. * * Special damages, which are the natural, but not *necessary,* result of the injury complained of, must be specially alleged.—*Irby v. Wilde,* 150 Ala. 402, 43 South. 574; 5 Ency. of Pl. & Pr. pp. 717, 719.

2. It will be seen from the above decisions of the Supreme Court that in actions for malicious prosecutions, false imprisonments, assaults and batteries, and the like, the courts are generally disposed to hold that reasonable attorney's fees, loss of time, the amounts paid physicians, etc., are *special,* and not general, damages, and that such elements of damages must be specially claimed as a prerequisite to their recovery. As this case must be again tried, the appellee can, with leave of the trial court, so amend his complaint as to meet all the objections of the appellant on the question of special damages, and we do not deem it necessary to further discuss the subject.

3. In an action for a malicious prosecution, it is essential to the plaintiff's recovery that the prosecution should have been instituted maliciously and with-

out probable cause. If probable cause for the institution of the prosecution existed, then the action for malicious prosecution falls to the ground. If the prosecution was instituted *without* probable cause and *without* malice, the action for a malicious prosecution also falls to the ground. In such a case the burden is upon the plaintiff to show that the prosecution was instituted against him by the defendant maliciously *and* without probable cause.—*Lunsford v. Dietrich.* 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79; *Sanders v. Davis,* 153 Ala. 375, 44 South. 979.

When there was no probable cause for the institution of the prosecution by the defendant to the action for a malicious prosecution, that fact may authorize a jury to infer that the defendant was instigated by malice towards the plaintiff when he instituted such prosecution. See charge 3 in *Rutherford v. Dyer,* 146 Ala. 665, 40 South. 974.

We have above discussed the only questions of any moment presented by this record, and the above opinion indicates wherein the trial court committed reversible error.

Reversed and remanded.