## WALLING v. FIELDS.  (8 Div. 557.)

(Supreme Court of Alabama.   May 3, 1923.)

1. **Appeal and error ⊂⊃1061(4)—Refusal to give affirmative charge as to counts without evidence held reversible error.**

Where there was no evidence as to the material averments of certain counts of the complaint, and the general affirmative charges with hypothesis in writing as to such counts were separately requested by defendant, refusal of each was reversible error, where the jury returned a general verdict for plaintiff, so that the Supreme Court could not determine under what count it was rendered.

2. **Trial ⊂⊃143 — General affirmative charge properly refused where evidence conflicts.**

Where evidence is conflicting as to a count in the complaint, the general affirmative charge with hypothesis as to such count was properly refused by the trial court.

3. **Malicious prosecution ⊂⊃21(2)—Advice of counsel defense.**

The defense that defendant acted upon advice of counsel is available to defendant only if he stated the facts to counsel and acted in good faith on the advice.

4. **False imprisonment ⊂⊃34—Malicious prosecution ⊂⊃67 — Deprivation of society of family element of damages.**

In an action for false -imprisonment and malicious prosecution, it was competent for plaintiff to prove that he was married and had a family, and that he was taken from them by the arrest and imprisonment; deprivation of the society of wife and children being a proper item of damages in such a suit.

5. **False imprisonment ⊂⊃20(3) — Malicious prosecution ⊂⊃55—Special damages must be pleaded.**

In an action for false imprisonment and malicious prosecution where the complaint did not claim special damages for plaintiff's being cold in jail, arrd injury to his health thereby, evidence thereof was inadmissible.

6. **False imprisonment ⊂⊃28—Malicious prosecution ⊂⊃62—Proper to prove length of detention.**

In an action for false imprisonment and malicious prosecution, it was proper for plaintiff to prove how long he was in jail and how long from his business.

7. **Evidence ⊂⊃151(1)—Plaintiff could not testify directly that he suffered mental pain.**

In an action for false imprisonment and malicious prosecution, held that, while the circumstances and facts surrounding plaintiff under arrest and in prison could be· given, from which the jury might infer the existence of his mental suffering, yet plaintiff could. not testify directly that he suffered mental pain.

8. **False imprisonment ⊂⊃23—Malicious prosecution ⊂⊃58(1)—Evidence of threats seven years previously held irrelevant.**

In an action for false imprisonment and malicious prosecution, it was improper to admit testimony of plaintiff that seven years previously, while he was overseer of a road defendant came with two pistols and threatened him, as such testimony tended to prejudice defendant, and injected collateral matter into the case.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by Sam Fields against W. J. Walling. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Callahan & Harris, of Decatur, for appellant.

Special damages, not the necessary or natural consequence of the arrest, may be recovered only when not too remote, and when specially counted on in the complaint. Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Vandiver & Co. v. Waller, 143 Ala. 411, 39 South. 136; A. G. S. R. Co. v. Killian, 17 Ala. App. 124, 82 South. 572; A. G. S. R. Co. v. Tapia, 94 Ala. 226, 10 South. 236; Miller v. McGuire, 202 Ala. 351, 80 South. 433; Goldstine v. Self, 9 Ala. App. 100, 62 South. 369.

<hr>

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A witness cannot testify that he suffered mentally. W. U. Tel. Co. v. Cleveland, 169 Ala. 131, 53 South. 82, Ann. Cas. 1912B, 534; Interstate Am. Co. v. Martin, 8 Ala. App. 481, 62 South. 405; Barnewell v. Stephens, 142 Ala. 616, 38 South. 662.

Wert & Hutson, of Decatur, for appellee.

In this action all the evidence offered as to damages was legal. Hawkins v. Collins, 5 Ala. App. 522, 59 South. 694. It was not error for plaintiff to testify that he suffered mentally. W. U. Tel. Co. v. Hughston, 191 Ala. 424, 67 South. 670.

MILLER, J. This suit was commenced by Sam Fields, appellee, against W. J. Walling, appellant, to recover damages for false imprisonment and malicious prosecution.

There are four counts in the complaint. Count 1 is in Code form for false imprisonment, and count 2 is in Code form for malicious prosecution, and each is based on the action of defendant causing plaintiff to be arrested and imprisoned on a charge of carrying a pistol concealed about his person. Count 3 is for false imprisonment, and count 4 is for malicious prosecution under the Code forms, and each is based on the action of defendant causing plaintiff to be arrested on a charge of carrying a pistol on premises not his own or under his control. The defendant pleaded general issue to each count, with leave to give in evidence any matter that would be a defense, if specially pleaded. Issue was joined thereon, and there was verdict by the jury in favor of plaintiff. Judgment thereon by the court, from which judgment this appeal is prosecuted.

On January 22, 1921, the plaintiff consulted with the solicitor of the circuit court as to these charges, and made affidavit before the judge of Morgan county court charging the plaintiff with the offense of "carrying concealed about his person a pistol," and "carrying a pistol on premises not his own or under his control." These two charges were made in one and the same affidavit. The clerk of the court issued on the same date on that affidavit a warrant for the arrest of plaintiff for the offense of carrying a concealed pistol. The plaintiff under that warrant was arrested by the deputy sheriff, was placed in jail, where he remained for three days, and was then released on bond. On June 7, 1921, the plaintiff was tried for the offense charged (carrying a pistol concealed on his person), found not guilty by the jury, and was discharged by the court.

The defendant owned a store near or on a public road. As plaintiff, who was driving a wagon, came near the store, he and defendant had some "words," at which time plaintiff drew a pistol. The defendant was carrying a shotgun. There was evidence that plaintiff, with the pistol in his possession, got on the private property or land of the defendant, over which plaintiff had no control, and also evidence to the contrary. There was evidence that the pistol used by plaintiff was concealed on his person from ordinary observation, and evidence to the contrary. The evidence on these two subjects is in irreconcilable conflict.

Count 3 charges defendant caused plaintiff to be arrested and imprisoned on a charge of "carrying a pistol on premises not his own or under his control" for three days. Count 4 charges defendant caused plaintiff to be arrested under a warrant issued by J. L. Draper, clerk, etc., of the court, which was issued upon complaint sworn out by the defendant before the judge of the court on a charge of carrying "a pistol on premises not his own or under his control," and that the charge had been judicially investigated, prosecution ended, and plaintiff discharged.

There is no evidence that a warrant was ever issued for the arrest of plaintiff for the offense alleged in counts 3 and 4, nor that he was ever arrested, imprisoned, tried, or discharged for that offense. There is no evidence to support these material averments of counts 3 and 4.

[1] The general affirmative charges with hypothesis in writing as to counts 3 and 4 were separately requested by the defendant, and each refused by the court. They should have been given. There is no evidence to sustain some of the material averments of these counts, as hereinbefore shown. The jury returned a general verdict, and there is no way for us to determine under what count it was rendered.

[2] The general affirmative charge with hypothesis as to count 1, requested by the defendant, was properly refused by the court. There was evidence affording a reasonable inference adverse to right of verdict for defendant on that count. There was evidence or reasonable inferences from which the plaintiff would be entitled to recover, if believed by the jury, under count 1. The evidence was in clear conflict on material averments of this count. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135.

[3] The defendant requested the court to give the following written charge, numbered 7, which was refused by the court:

"If you believe from evidence that the defendant fairly and fully stated the material facts, to D. C. Almon, the solicitor, and Almon advised him that [to] make an affidavit against the plaintiff for carrying a concealed pistol, then that is a good defense to this suit for malicious prosecution for carrying a concealed pistol."

In this the court did not err for the following, and probably other reasons: The charge fails to state he acted in good faith upon the opinion of the solicitor. Abingdon

Mills v. Grogan, 175 Ala. 247, 57 South. 42; Steed v. Knowles, 79 Ala. 446–450; 9 Michie, Dig. 746, § 14 (2). And under the same authorities the court did not err in giving written charge 1, requested by the plaintiff, which reads as follows:

"Under the law, if the defendant did not state the facts to counsel, then he cannot defend upon the ground that he acted upon advice of counsel."

The compensatory damages claimed must be the natural and proximate result of the false imprisonment or malicious prosecution. Mental suffering, loss of time, injury to health, and deprivation of the society of wife and children have been held to be proper elements of compensatory damages in cases of this kind. 9 Cyc. 368, B; 26 Cyc. 61, B; Killebrew v. Carlisle, 97 Ala. 535, headnote 2, 12 South. 167; Pollock v. Gantt, 69 Ala. 373, headnote 1, 44 Am. Rep. 519.

[4–7] It was competent for plaintiff to prove that at the time he was married and had a family; that he was taken from them by the arrest and imprisonment. This is a proper item of damage in a suit of this kind, as it deprived him of the society of his wife and children while in jail. Killebrew v. Carlisle, 97 Ala. 535, headnote 2, 12 South. 167. In Pollock v. Gantt, 69 Ala. 377, 44 Am. Rep. 519, the court wrote:

"And special damages can be recovered only when they are not too remote, and are specially counted on and claimed in the complaint."

The complaint did not claim special damages for plaintiff being cold in jail, and his health being injured thereby; and evidence tending to show this was improperly admitted. It is unnecessary for us to decide whether it was proper element of damage, as it is not presented for decision. Pollock v. Gantt, 69 Ala. 373, headnote 1, 44 Am. Rep. 519; Vandiver v. Waller, 143 Ala. 411, headnote 3, 39 South. 136. It was proper to prove how long plaintiff was in jail and how long from his business—working a crop. 19 Cyc. 368, B; 26 Cyc. 61, B. The circumstances and facts surrounding the plaintiff under arrest and in prison can be given, and the jury may infer the existence of mental suffering therefrom by the plaintiff; but he cannot testify direct that he suffered mental pain. The court erred in allowing the plaintiff to do so. West. U. Tel. Co. v. Cleveland, 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534.

[8] The plaintiff testified that seven years ago while he was overseer of a road the defendant came out there with two pistols and threatened him. This testimony was improperly allowed to go to the jury, as it tended to prejudice the cause of the defendant, and injected collateral matter into the case that had no connection with and no bearing on it,

and did not tend to prove or disprove any issue in the cause.

"The test of relevancy of evidence, it is said by Wharton, is whether it 'conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one which, if sustained, would logically influence the issue.' Whart. Ev. § 20." Whitaker v. State, 106 Ala. 30, 32, 17 South. 456.

For the errors mentioned, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.