(97 South. 133

**WILSON et al. v. ORR. (3 Div. 624.)**

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 28, 1923.)

**1. Appeal and error ☞1040(7) — Sustaining demurrer to pleas in justification held not prejudicial.**

Sustaining demurrer to special pleas of justification in an action for assault and battery and for unlawful arrest *held* not prejudicial, where the matter set up in justification was admissible under general issue.

**2. Arrest ☞63(3)—Actual possession of intoxicating liquor public offense for which offender may be arrested without warrant.**

Under Code 1907, § 6269, the actual possession of prohibited liquors is a public offense, and, if committed in the presence of an officer, the offender may be arrested without warrant on any day, at any time.

**3. Arrest ☞68—Manual touching of body or actual force unnecessary to constitute arrest.**

In order to constitute an arrest a manual touching of the body or actual force is unnecessary, it being sufficient if the party is within the power of the officer and submits.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arrest.]

**4. False imprisonment ☞29—Evidence of circumstances of arrest in presence of people admissible.**

In an action against a law enforcement officer for unlawful arrest, the court did not err in permitting .proof of the circumstances of the arrest, the place, the street, in the presence of the people, and the number present.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Appeal and error ⬗1058(2)—Exclusion of testimony later admitted held not prejudicial.**

In an action for damages for assault and battery and false imprisonment by a law enforcement officer, the exclusion of testimony by defendant as to the business conducted in a building near which the arrest was made *held* not prejudicial, where the witness was subsequently permitted to testify fully as to such facts.

**6. False imprisonment ⬗20(3)—Proof of publication of arrest inadmissible unless pleaded.**

In an action for unlawful arrest where the fact of publication of the arrest was not pleaded, proof of publication in newspapers was inadmissible in support of a claim of special damages.

**7. Appeal and error ⬗1033(5) — Appellant held not entitled to complain of error in charge in his favor.**

Where the evidence in an action for unlawful arrest made the existence of malice alleged a question for the jury, defendant cannot complain of error in charging the jury as a matter of law that there was no malice.

**8. False imprisonment ⬗20(3) — Proof of malice and want of probable cause required when pleaded.**

Where both malice and lack of probable cause are averred in a complaint for unlawful arrest, plaintiff must prove both.

**9. False imprisonment ⬗39—Malice held question for jury.**

In an action for unlawful arrest, where there was evidence from which the jury could reasonably have inferred that no probable cause existed and from this want of probable cause could have inferred the existence of malice, a general affirmative charge for defendant was properly refused.

**10. Officers ⬗131—Punitive damages not recoverable from surety on officer's bond.**

In an action for false imprisonment against a law enforcement officer and sureties on his bond, punitive damages cannot be recovered against the sureties on the officer's bond.

**11. Assault and battery ⬗2—Elements stated.**

Any touching by one person of the person of another in rudeness is an "assault and battery."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assault and Battery.]

**12. Assault and battery ⬗42—Question of assault by touching person held for jury.**

Whether defendant officer placed his hand on or touched plaintiff's person in rudeness so as to constitute an assault and battery *held* a question for the jury.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages for assault and battery and unlawful arrest, etc., by A. N. Orr against W. C. Wilson and the National Surety Company. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Ball & Beckwith, of Montgomery, for appellants.

When there is no arrest, there can be no recovery for false imprisonment. Dougherty v. State, 106 Ala. 65, 17 South. 393; 20 L. R. A. (N. S.) 968, note. Where a count for assault and battery alleges that the act was done maliciously, and there is no evidence of malice, the defendant is entitled to the affirmative charge. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. In an action for false imprisonment, the measure of damages, in the absence of malice, is compensation for the injury wrongfully inflicted. B. R. & E. Co. v. Ward, 124 Ala. 409, 27 South. 471; 25 C. J. 569. The plea that defendant Wilson was justified in arresting plaintiff, for that he had reasonable cause to believe a misdemeanor was being committed, was good and should have been allowed. Jones v. State, 100 Ala. 90, 14 South. 772. A surety on an official bond cannot be assessed with punitive damages. Phillips v. Morrow, ante, p. 34, 97 South. 130.

Ludlow Elmore and T. E. Martin, both of Montgomery, for appellee.

The surety on the officer's bond is liable for all injury. Deason v. Gray, 192 Ala. 611, 69 South. 15. The jury was the judge of the extent of the injury. Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122. The matter set up in the pleas was available under the general issue. Strain v. Irwin, 195 Ala. 420, 70 South. 734. All surrounding circumstances were admissible in evidence. 25 C. J. 542; Birmingham Ledger Co. v. Buchanan, 10 Ala. App. 527, 65 South. 667.

MILLER, J. A. N. Orr, appellee, brings this suit against W. C. Wilson and the National Surety Company of New York, a corporation, claiming damages of Wilson as a state deputy law enforcement officer and of the National Surety Company as the surety on his official bond.

The first count of the complaint alleges an assault and battery committed on plaintiff, appellee, by the defendant Wilson under color of office. The second count alleges that Wilson "maliciously and without probable cause therefor arrested the plaintiff, Orr, on a charge of having prohibited liquors in his possession." The case was tried by a jury on plea of not guilty by the defendants, and the jury returned a verdict in favor of the plaintiff. Defendants appeal from the judgment of the court based on the jury's verdict, and each separately assigns errors.

[1] The defendants filed two special pleas, numbered 2 and 3, to each count, and demurrers of plaintiff to these pleas were sustained. Each plea sets up justification; each plea being practically the same, except plea 2 avers Wilson had "reasonable cause,"

and plea 3 avers Wilson had "probable cause," when he arrested plaintiff, to believe, and did believe that the plaintiff was then and there committing a misdemeanor in his presence, and that Wilson acted without malice in making said arrest and used no unnecessary force therein.

This matter could have been shown under the general issue. This special plea of justification was unnecessary, as count 2 alleges the arrest was malicious and without probable cause. · Under the general issue the defendants could prove the plaintiff was legally arrested by Wilson, and in doing so he used no unnecessary force. It appears from the bill of exceptions that the defendants had the benefit of these defensive matters in the introduction of evidence, and the elimination of these pleas by the court sustaining demurrers to them did not prejudice the rights of defendants, as they received the full benefit of them under the general issue. Strain v. Irwin, 195 Ala. 415, headnotes 16, 17, 70 South. 734; Montgomery County v. Pruett, 175 Ala. 391, 57 South. 823.

[2, 3] The actual possession of prohibited liquors by a person is a public offense, a misdemeanor, under our statute. Ex parte State (Re Harbin v. State) 97 South. 426.[1] And an officer may arrest any person, without warrant on any day and at any time, who at the time of the arrest has in his actual possession prohibited liquors in the presence of the officer. It would be a misdemeanor, a public offense, committed in the officer's presence for which the offender could be arrested with or without a warrant by the official. Section 6269, Code, 1907. The plaintiff, Orr, had no prohibited liquor in his possession, when, it is alleged, he was arrested. Was he arrested by the official Wilson? What constitutes an arrest? "No manual touching of the body or actual force is necessary to constitute an arrest. It is sufficient, if the party is within the power of the officer and submits." Field v. Ireland, 21 Ala. 245.

There is evidence from which the jury could reasonably believe that Orr was within the power of the officer Wilson, and submitted to him.

In Cent. of Ga. Ry. v. Carlock, 196 Ala. 662, 72 South. 262, this court quoted with approval the following:

"An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of holding or detaining him to answer a criminal charge or civil demand."

See, also, Dougherty v. State, 106 Ala. 63, 17 South. 393.

From the evidence the jury could reasonably infer that Wilson, the official, intended to and did take the custody of Orr for the purpose of detaining him to answer a ·criminal charge of having prohibited liquors in his possession.

[4, 5] The court did not err in permitting proof of the circumstances of the arrest, the place, the street, in the presence of people, and the number present. Walling v. Field (Ala. Sup.) 96 South. 471.[2] The defendant Wilson was testifying as to the place and building where the arrest was made, and the following question was asked him by defendants' attorney: "What business was conducted in that building?" The court did not permit witness to answer this question, but afterwards the witness was allowed to state, "That building was a place occupied by one Kreutner; that Kreutner ran a hot dog stand and a little grocery joint, a place where they sold groceries." Witness was then asked, "Well, anything else?" The court would not permit witness to answer this question, and defendant offered to show "that it was known as a regular whisky joint." The court then permitted the witness to testify:

"The place was known to him as a place where they sold whisky at that time and was generally known as such to the law enforcement officers at that time as a place where they sold whisky; that it was a regular whisky joint, a whisky place; that it was right opposite that place that he first saw Mr. Orr."

If the court erred in sustaining objections to these two questions, the court cured the errors by afterwards allowing the witness to testify fully on these subjects.

[6] The court, over objection and exception of the defendants, permitted the plaintiff to prove that an account of this occurrence— the arrest of plaintiff and search of the box in the hand of plaintiff, in the streets of the city, for prohibited liquors—appeared in newspapers of general circulation. In this the court erred. This publication necessarily was more or less remote from the main fact, was not the necessary consequence of that fact, the fact of plaintiff's arrest, and in these particular circumstances the court is of the opinion that, in order to found a claim of special damages on such publication, the fact of publication should have been alleged in the complaint. In the absence of allegation, this evidence was relevant to no issue in the cause. Walling v. Field (Ala. Sup.) 96 South. 471;[2] Stewart v. Blair, 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925; Lay v. Postal Tel. Cable Co., 171 Ala. 172, 54 South. 529; Irby v. Wilde, 150 Ala. 402, 43 South. 574; S.-S. S. & I. Co. v. Dickinson, 167 Ala. 211, 52 South. 594.

[7] The court in its oral charge to the jury stated:

"I don't think the question of malice is, in this case. I don't think so. * * * Now then, gentlemen, you will notice there is the word 'malice' in the second count. Well, before the jury might find punitive damages—punitive comes from the word punishment—I charge you there was not malice in this case. I charge you

---

[1] Ante, p. 55.

[2] 209 Ala. 389.

as a matter of law there was not malice, and you will not consider punitive damages."

The court erred in charging the jury as a matter of law there was no malice. This was a question for the jury to answer from the evidence, but of this the defendant cannot complain.

[8] Count 2 charges and alleges that Wilson maliciously and without probable cause therefor arrested the plaintiff on a charge of having prohibited liquors in his possession. The plaintiff characterizes the arrest as having been done "maliciously and without probable cause." Malice having been averred, it must be proved or the plaintiff could not recover under count 2. Under count 2 both malice and want of probable cause must be proved to entitle plaintiff to recover, and the burden of proof as to both rested on plaintiff. Murphy v. McAdory, 183 Ala. 209, 62 South. 706; King v. Gray, 189 Ala. 686, 66 South. 643; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Fuqua v. Gambill, 140 Ala. 468, 37 South. 235.

In Lunsford v. Dietrich, 93 Ala. 568, 9 South. 310, 30 Am. St. Rep. 79, the court wrote:

"But, while the absence of probable cause is not the equivalent of malice, and does not per se establish malice, yet it is evidence of malice to be considered by the jury, and may of itself justify a conclusion on their part that the motive of the prosecutor was malicious."

[9, 10] There is evidence in this case from which the jury could reasonably infer that no probable cause existed for believing that plaintiff, when arrested by Wilson, had prohibited liquors in his possession, and from this want of probable cause the jury may or could infer the existence of malice. This made the existence of malice a question for the jury, and under these circumstances the general affirmative charge with hypothesis as to count 2 was properly refused by the court. Fuqua v. Gambill, 140 Ala. 468, 37 South. 235; Lunsford v. Dietrich, 93 Ala. 568, 9 South. 308, 30 Am. St. Rep. 79; Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 8 South. 191; Parisian Co. v. Williams, 203 Ala. 378, headnote 3, 83 South. 122. The court properly charged the jury orally and in writing that punitive damages could not be assessed by them against the National Surety Company [the defendant] who was surety on the official bond of Wilson. Phillips v. Morrow, ante, p. 34, 97 South. 130.

[11, 12] "Any touching by one person of the person of another in rudeness * * * is an assault and battery." Jacobi v. State, 133 Ala. 17, 32 South. 158; Seigel v. Long, 169 Ala. 82, 53 South. 753, 33 L. R. A. (N. S.) 1070; Hyde v. Cain, 159 Ala. 364, 47 South. 1014.

There is evidence that the defendant Wilson placed one hand on the shoulder of the plaintiff Orr, and there is evidence to the contrary. There is also evidence that at the same time Wilson examined, opened, and placed his hand in the box and looked into it, which was held by the plaintiff. They were strangers to each other. From this the jury might reasonably infer, if they believed the evidence, that Wilson placed his hand on or touched Orr's person in rudeness, and under this conflicting evidence on a material fact in issue, the court was justified in refusing the general affirmative charge with hypothesis, requested by the defendants as to count 1, based on assault and battery. Authorities, supra; McMillan v. Aiken, 205 Ala. 35, headnote 9–11, 88 South. 135.

For the error mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.