(108 So. 250)

## WILSON v. VASSAR.    (6 Div. 630.)

(Supreme Court of Alabama. April 15, 1926.)

1. **Malicious prosecution ⬤⤳47—Count for malicious prosecution in Code form held not demurrable for additional averments showing special damages (Code 1923, § 9531, form 20).**

Count for malicious prosecution exactly in Code 1923, § 9531, form 20, held not demurrable for additional averment showing special damages counted on and claimed in count by plaintiff.

2. **Malicious prosecution ⬤⤳58(1) — Evidence that defendant pointed out plaintiff in courtroom as person to be arrested under warrant, and that plaintiff was carried to jail, held admissible.**

In suit for damages for malicious prosecution for causing plaintiff's arrest for removing tools from garage which defendant had rented to another, proof that plaintiff was in city courtroom as witness in such other's case, and while there was arrested under warrant and carried by officer to jail, on being pointed out by defendant as person to be arrested, held admissible as tending to show where arrest was made and that arrest and prosecution of plaintiff were commenced and followed up by defendant.

3. **Malicious prosecution ⬤⤳58(3) — Affidavit, warrant, and judgment discharging plaintiff held competent in malicious prosecution, though name was misspelled.**

In suit for damages for malicious prosecution, affidavit and warrant of arrest and judgment, finding plaintiff not guilty and discharging him after trial on warrant, held competent, though plaintiff's name was improperly spelled therein, where it was clear that person intended to be prosecuted by defendant was plaintiff, and that plaintiff was person arrested, tried, and found not guilty under charge preferred by defendant.

4. **Malicious prosecution ⬤⤳67.**

Deprivation of plaintiff of society of wife and children is proper element of compensatory damages for malicious prosecution.

5. **Malicious prosecution ⬤⤳62 — Proof that plaintiff was confined in jail and had wife and children held proper on question of compensatory damages.**

In suit for damages for malicious prosecution, proof that plaintiff was confined in jail for two or more days under arrest on warrant procured by defendant, and that he had a wife and children with whom he was living at that time, held proper on question of compensatory damages.

6. **Witnesses ⬤⤳345(1)—Credibility of witness cannot be attacked by proof of conviction for violation of ordinances (Code 1923, § 7722).**

Inquiry as to witness' conviction for violating ordinances held improper to affect his credibility, in view of Code 1923, § 7722, relating to credibility of witness as affected by conviction for crime contemplating only convictions or violations of state laws.

7. **Trial ⬤⤳295(1)—Entire charge must be construed as whole in determining whether court erred in part of it.**

In determining whether court erred in a part of its oral charge to jury, entire charge must be looked to and construed as a whole.

---

⬤⤳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

8. **Trial** ⊛→295(2)—**Part of charge on probable-cause in malicious prosecution, that defendant need not know truth of charges, but should not have arrest made unless there was foundation or good reason for it, held not erroneous, when charge was construed as a whole.**

In suit for damages for malicious prosecution, part of court's oral charge on probable cause, that defendant did not have to know charges preferred against plaintiff were true before he had arrest made, but he should not have arrest made unless there was foundation and good reason for it, *held* not erroneous, when charge was construed and considered as whole.

9. **Malicious prosecution** ⊛→69—**$250 damages for malicious prosecution held not excessive.**

Verdict for plaintiff for $250 for malicious prosecution *held* not excessive, where he was placed in jail, for two days or more, during which time he was absent from his family, and paid an attorney to defend him $50, which appeared to be reasonable fee.

10. **Appeal and error** ⊛→1078(1).

Errors assigned but not argued in brief will be considered waived.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action for damages for malicious prosecution by Rollie Vassar against Ellie Wilson. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It was error to sustain objection to the question to plaintiff as to whether he had been arrested and tried in the city court. Viberg v. State, 35 So. 53, 138 Ala. 100, 100 Am. St. Rep. 22; McQueen v. State, 18 So. 843, 108 Ala. 54; Williams v. State, 40 So. 405, 144 Ala. 14. Counsel argue other questions raised and treated, but without citing additional authorities.

Bumgardner & Wilson, of Bessemer, for appellee.

The complaint is in Code form, and is not subject to demurrer. Code 1923, § 9531 (20). Deprivation of society of family is an element of damages. Stewart v. Blair, 54 So. 506, 171 Ala. 147, Ann. Cas. 1913A, 925; Killebrew v. Carlisle, 12 So. 167, 97 Ala. 535. Proof of prior violation of a city ordinance was immaterial. Huckabaa v. State, 58 So. 684, 4 Ala. App. 68; Gillman v. State, 51 So. 722, 165 Ala. 135. Assignments not insisted upon are waived. Reliance Co. v. Herren Sales Co., 97 So. 837, 210 Ala. 326.

MILLER, J. This is a suit by Rollie Vassar against Ellie Wilson for damages for malicious prosecution. The defendant pleaded general issue in short by consent, with leave to give in evidence any matter admissible in defense of the action, etc. The jury returned a verdict in favor of the plaintiff, and, from a judgment thereon by the court, this appeal is prosecuted by the defendant.

[1] There is only one count in the complaint. It is exactly in Code form 20, section 9531, of the Code of 1923, for malicious prosecution, and contains these additional averments at the end thereof:

"Plaintiff avers that as a proximate consequence of said malicious arrest he was confined in jail for several days, caused to be away from his family, suffered great mental pain and anxiety, and caused to spend a large sum of money for attorney's fee in defending said prosecution and obtaining his release."

These additional averments to the Code form did not render the count demurrable, but showed the special damages counted on and claimed in the count by the plaintiff. The court did not err in overruling the grounds of demurrer assigned to this count. Form 20, § 9531; Code of 1923; Walling v. Fields, 96 So. 471, 209 Ala. 389, headnotes 3–5, and authorities therein cited.

The defendant rented a garage to one Red Perkins. Red used it also as a repair and work shop. The plaintiff placed his car therein to be repaired. The defendant and Red had a misunderstanding or fuss about the rent due and unpaid on the garage. It was closed up by the defendant, containing the tools belonging to Red and others and the car of plaintiff. The defendant warned Red not to trespass on the garage premises. The plaintiff secured permission from defendant to remove his car from the building. Red was prosecuted by the defendant for trespassing on the premises. The plaintiff was in the city courtroom at Bessemer at Red's trial as a witness for him. The defendant left the courtroom and went to the office of the judge of the inferior court of Bessemer, swore out a warrant charging plaintiff with burglarizing this garage and with feloniously taking certain tools from it, the property of Tom Bradford. An officer with this warrant came to the city courtroom, the defendant pointed out plaintiff to the officer with the warrant. Plaintiff was arrested by the officer, tried on the warrant before the judge of the inferior court of Bessemer, found not guilty, and was discharged.

There was evidence tending to show that the plaintiff was not guilty of either offense charged in the affidavit and warrant, and there was evidence tending to show that Red and plaintiff entered this garage and took tools therefrom. There was also evidence that these tools of Tom Bradford were placed in the possession of Red, and that Red kept possession of them with knowledge and consent of Tom Bradford, and there was some evidence to the contrary. This

was the tendency of some of the testimony in the cause.

[2] The court did not err in allowing proof that plaintiff was in the city courtroom as a witness in Red's case and while there was arrested under this warrant and carried by the officer to the jail. The defendant was there at the time, and pointed out the plaintiff to the officer as the person to be arrested under the warrant. These were circumstances tending to show where the arrest was made, and that the arrest and prosecution of plaintiff was commenced and followed up by the defendant and probably a reason for it. Walling v. Fields, 96 So. 471, 209 Ala. 389; Wilson v. Orr, 97 So. 133, 210 Ala. 93, headnote 4.

[3] The affidavit and warrant of arrest, and the judgment of the inferior court of Bessemer finding plaintiff not guilty and discharging him after the trial on the warrant, were competent and relevant evidence. It is true the name of plaintiff in the affidavit, warrant, and judgment of the court is Riley Vassel instead of Rollie Vassar, as in this cause, but the judge of the inferior court testified it was the plaintiff in this case that was tried under that affidavit and warrant in the inferior court of Bessemer by him, and the defendant testified that he pointed out the plaintiff to the officer as the person intended to be arrested on the warrant. It is clear the person intended to be prosecuted by the defendant was the plaintiff, and the plaintiff was the person arrested, tried, and found not guilty under that charge preferred by the defendant. So the court did not err in admitting in evidence the affidavit, warrant, and docket showing proceedings against plaintiff in that criminal case in the inferior court of Bessemer. All of this evidence was material. Walling v. Fields, 96 So. 471, 209 Ala. 389, headnote 1.

[4, 5] The plaintiff claimed in his complaint as special damages that he was caused to be away from his family by this prosecution. The deprivation of plaintiff of the society of his wife and children is a proper element of compensatory damages in an action for malicious prosecution, and the court properly admitted in evidence proof that defendant was confined in jail for two or more days under the arrest for that charge, and that he had a wife and children with whom he was living at that time. Killebrew v. Carlisle, 12 So. 167, 97 Ala. 535, headnote 2; Walling v. Fields, 96 So. 471, 209 Ala. 389, headnote 3.

[6] Red Perkins was a witness for the plaintiff. There was evidence tending to show, which was denied, that he and plaintiff went into this garage after it was closed by the defendant, and removed from it various kinds of tools. The defendant asked him on cross-examination, and the court sustained objection to the question, "Have you ever been arrested in the city court and paid a fine for either buying or receiving or concealing stolen property?" It appears this city court of Bessemer was the mayor's court, and by the question defendant was inquiring as to the conviction of the witness of violating ordinances and not as to the conviction of the witness for violating state statutes on the subject mentioned. The defendant did not clearly indicate by his question, as he should have done, that he was inquiring if the witness had been convicted of violating the state statute on the mentioned subject, and the trial court will not be placed in error for sustaining the objection to the question, because this court in Gillman v. State, 51 So. 722, 165 Ala. 135, in construing section 4008 of the Code of 1907, which is the same as section 7722, Code of 1923, wrote:

"Section 4008 of the Code, relating to the competency and credibility of witnesses as affected by conviction for crime, contemplates only convictions for violations of the state laws, and not convictions for violations of municipal ordinances. Cheatham v. State, 59 Ala. 40."

See, also, Burns v. Campbell, 71 Ala. 273, 274 (28).

[7, 8] The defendant excepted to the following part of the oral charge of the court to the jury:

"He did not have to know they were true before he had the arrest made, but he should not have an arrest made and the law does not permit him to have an arrest made unless there is a foundation for it; there must be a good reason for it."

In determining whether the court erred in a part of its oral charge to the jury, the entire charge must be looked to and construed as a whole. The entire oral charge must be construed together to see if there was error. 12 Michie Dig. 534, § 229 (1). The entire oral charge on this subject reads:

"Now, probable cause for the arrest of a person is for the jury from the evidence in this case. If, after having all of the facts and circumstances before him, the defendant in this case, Ellie Wilson, if having heard facts and circumstances before him upon which he based the arrest, if he had good reason to believe that they were true, then he would have probable cause for the arrest. He didn't have to know they were true before he had the arrest made, but he should not have an arrest made, and the law does not permit him to have an arrest made, unless there is a foundation for it; there must be good reason for it. In other words, the facts and circumstances that he acted upon must be reasonable, must create a reasonable belief in his mind that the person is guilty of the offense charged. But it does not mean that he is guilty beyond all reasonable doubt. In order to convict the defendant in the criminal case of the crime charged, the jury must be convinced beyond all reasonable doubt that he is guilty, to convict him of a criminal action, but in a civil action of this kind, if there was probable cause for the arrest, why there cannot be any recovery in a civil action."

The complaint charges the arrest of plaintiff was caused by the defendant maliciously and without probable cause, and these charges were placed in issue by the plea. When the charge of the court on the subject of probable cause is construed and considered as a whole, it is free from error. Michie Dig. vol. 9, p. 739, subject, "Malicious Prosecution."

[9] The jury returned a verdict in favor of the plaintiff for $250. The defendant insists by motion for new trial and in argument in brief that this amount was excessive, and that the motion for new trial should be granted. The plaintiff was arrested under that charge, placed in jail, remained there two days or more, was absent from his family during that time, employed and paid an attorney to defend him on the trial the sum of $50, and there was proof that this was a reasonable fee. He was tried and found not guilty by the court and discharged. There was ample evidence in this case to sustain the verdict of the jury for the plaintiff, and the amount of the damages assessed by them, and the trial court did not err in overruling the motion for new trial. Nat. Surety Co. v. Mabry, 35 So. 698, 189 Ala. 217.

[10] In civil cases, errors assigned, but not argued in brief, will be considered waived. L. & N. R. R. Co. v. Jones, 99 So. 919, 211 Ala. 158. Many errors have been assigned by appellant; few have been argued and urged in his brief in a way which entitles them to consideration. We have considered and passed on all that were urged by argument, which entitled them to consideration, and the others were waived. Haley v. Miller, 69 So. 564, 193 Ala. 483 (first part of opinion); A. & St. A. B. Ry. v. Knight, 100 So. 233, 211 Ala. 213, headnote 9.

The judgment is affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.