(130 So. 213)

## SIMS v. KENT.

### 7 Div. 966.

Supreme Court of Alabama.

Oct. 9, 1930.

E. O. McCord & Son, of Gadsden, for appellant.

Alto V. Lee, of Gadsden, for appellee.

FOSTER, J.

This is an action in which the only count submitted to the jury was for malicious prosecution.

Plaintiff introduced the warrant for his arrest upon affidavit made by defendant before the judge of the county court. Defendant announced that he had no objection to the affidavit and warrant, but that he did object to the indorsement on it. The indorsement was signed in the name of the sheriff by deputies, and showed the arrest and imprisonment of plaintiff. No ground of objection was assigned. But appellant argues here that the indorsement was not properly identified.

In the case of Lunsford v. Dietrich, 86 Ala. 250, 5 So. 461, 11 Am. St. Rep. 37, the original affidavit and warrant were offered in evidence. Objection was made that they were not self-proving. The court conceded that they must be sustained by proof of identity, but there was no such ground of objection, and therefore no error appeared. Such is the condition of the record in this case. It may be observed further that the affidavit and warrant were in effect conceded to be duly identified. The indorsement was a part of them and thereby became also identified. By authority of section 7681, Code, a transcript of such document, duly certified, would be admissible in evidence. When an original of a document of the nature there referred to is identified as such, it is admissible the same as a transcript would be. Ramage-Parks & Co. v. Folmar, 219 Ala. 142, 121 So. 504. We do not find reversible error in this respect.

The complaint claimed special damages for being away from his family, and for mental pain and anguish, humiliation, shame, and disgrace. Over defendant's objection, the court permitted proof of the fact that plaintiff had a wife and two boys; that they all lived on defendant's place, about fifteen miles from Gadsden, after having testified that he was arrested and put in jail Saturday afternoon between 5 and 6 o'clock, where he remained until Sunday night about 7 o'clock.

When specially claimed in the complaint, damages resulting from being deprived of the society of his wife and children is a proper element of compensatory damages in an action of this sort. Wilson v. Vassar, 214 Ala. 435, 108 So. 250; Walling v. Fields, 209 Ala. 389, 96 So. 471; Killebrew v. Carlisle, 97 Ala. 535, 12 So. 167. Such is also the rule generally in other states. Davis v. Seeley, 91 Iowa, 583, 60 N. W. 183, 51 Am. St. Rep. 356.

Plaintiff had been cultivating land for defendant under an arrangement whereby defendant furnished the land and teams and plaintiff the labor, and the crops were to be equally divided. Plaintiff hired a truck and carried a bale of cotton to gin and sold it. This was the basis for the prosecution. The court allowed plaintiff to prove that defendant in July took away from plaintiff the team he had furnished to make the crop. This was admitted as a circumstance in explanation of plaintiff's conduct in hiring a conveyance to carry the cotton to the gin. We find no error in this ruling. Plaintiff carried off and sold the first bales of his cotton, without the knowledge or consent of defendant. This was on September 21st. On the next day he went to see defendant. They differ as to what occurred. Plaintiff claims that, though he only gave defendant half of the proceeds, he offered to give it all to him, except enough to pay for some groceries. Defendant claims he made no such proposal, but declined to give him any except the half which he received, though he owed defendant on account for advances. On that day defendant made an affidavit charging plaintiff with selling the cotton with intent to hinder, delay, or defraud affiant having a claim, etc. This was under section 4925, Code, which makes the offense punishable like larceny. The cotton was worth over $25, and the affidavit charged a felony. On that affidavit a warrant was issued, defendant was arrested and imprisoned.

After plaintiff had testified that before he was arrested, but on the same day, he told defendant that he had five bales of cotton that needed picking right then, the court permitted him to prove that he had eight bales of such cotton open in the field, and its value and the value of the seed. Upon the issue of fraudulent intent, evidence of that nature is doubtless admissible. Cobb v. State, 100 Ala. 19, 14 So. 362. But proof of circumstances showing the innocence of plaintiff is not primarily admissible, unless there is evidence that defendant was so informed. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Gulsby v. L. & N. R. R. Co., 167 Ala. 122, 52 So. 392; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636.

The fact that he had information that there were five instead of eight bales of the cotton had the effect, we think, of rendering the evidence admissible unless the variance between five and eight should create a different effect. If so, we think, the attention of the court should have been directed specially to that feature of the evidence by a sufficient ground of objection. There was no such ground assigned. Our conclusion is that the rulings of

592

the court in this respect do not show reversible error.

■ The transcript of the pertinent entries in the grand jury docket was admitted in evidence without objection or error. Morgan v. Baird, 219 Ala. 225, 121 So. 526; Shannon v. Simms, 146 Ala. 673, 40 So. 574.

■ We see no valid objection thereafter to the action of the court in permitting the clerk, having before him in court the grand jury docket or the transcript—it is not quite clear which—to state what it shows in connection with his testimony explaining that the number of the charge was inserted in it by the clerk and related to the warrant in evidence, which defendant had caused to be issued for plaintiff.

■ Malice, to be sufficient as an element of this action, may be inferred "from the circumstances surrounding and attending upon the prosecution; the conduct and declarations of the prosecutor; his activity in and about the case; his efforts therein to secure some personal end. Indeed, the existence of malice being a fact which in the nature of things is incapable of positive, direct proof, it must of necessity be rested on inferences and deductions from facts which can be laid before the jury, and hence it is that a wide range is permitted in adducing attendant circumstances which tend to throw any light upon the subject." Lunsford v. Dietrich, 93 Ala. 565, 569, 9 So. 308, 311, 30 Am. St. Rep. 79; Parisian Co. v. Williams, supra. Evidence of circumstances showing ill will and dislike in connection with an absence of probable cause should be admitted under this rule. The absence of probable cause is merely a circumstance from which malice may be inferred as a conclusion of fact, not a presumption of law. Lunsford v. Dietrich, 93 Ala. 565, 569, 9 So. 308, 30 Am. St. Rep. 79.

■ But we do not think that under this or any other rule any light would be shed upon this or any other inquiry in this case by the circumstance that, in the absence of defendant, plaintiff went by defendant's store and called for his account. But it seems to us to be of such small significance no prejudice could have been caused by this evidence, and we are not willing to hold that its effect should be to reverse the case.

■ The court permitted plaintiff to prove that in July, when defendant took the team from him, "he (defendant) said he wasn't going to put out another damn cent on the place, he said you won't make enough to pay for the fertilizer, he said just leave the mules up there in the lot." Also that defendant said to plaintiff, after the latter l .. sold the cotton, "that he had to have every dollar of the money that that cotton sold for, or else he was going to put Mr. Kent in jail." Also that,

in the spring before the cotton was sold, defendant was heard to say, referring to plaintiff, that he must "just stay off his place," and that such statement was communicated to plaintiff. While no one of such occurrences may have been of much value in shedding light upon the inquiry of malice, we cannot say that to such extent the court permitted the inquiry to extend beyond the wide range which is permissible upon that issue.

■■ Charge No. 7 was refused without error, because the word "defendant" was improperly used. The court considers specially requested charges in the precise language in which they are offered. When they are inapt in expression, it is not error to refuse them. So. Rwy. Co. v. Morris, 210 Ala. 463, 98 So. 387, 389.

■ Charge No. 5 was properly refused because it failed to hypothesize that defendant acted in good faith upon the advice of the solicitor, if otherwise free from objection. Walling v. Fields, 209 Ala. 389, 96 So. 471.

Charges 6 and 9 are, in our judgment, sufficiently embraced in the oral charge.

We do not find reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.