181 So. 905

**Ex parte UPTON.**

**7 Div. 515.**

Supreme Court of Alabama.

June 9, 1938.

Haralson & Crawford, of Fort Payne, and David C. Byrd, of Gadsden, for petitioner.

C. A. Wolfes, of Fort Payne, for respondent.

FOSTER, Justice.

This is an original petition to this Court seeking a mandamus to a circuit judge to require him to order a suit in the circuit court revived on the death of one of the defendants.

In response to the rule nisi, the judge has answered that in his judgment the suit is not one which survives under section 5712, Code. If not, then he was correct in not ordering a revival. That section of the Code is a change of the common law rule of the survival of actions at law. Garrison v. Burden, 40 Ala. 513; Cox's Adm'r v. Whitfield, 18 Ala. 738. As now constructed all personal actions, except for injuries to the reputation, survive the death of defendant.

It is conceded by both parties that the question is dependent upon whether an action for malicious prosecution is an injury to the reputation of plaintiff. It is not

controlled by the fact that the complaint does not claim such damages, and may not be recovered unless they are specially claimed. Hawkins v. Collins, 5 Ala.App. 522, 59 So. 694; Irby v. Wilde, 150 Ala. 402, 43 So. 574; Sloss-Sheffield Steel & Iron Co. v. Dickinson, 167 Ala. 211, 52 So. 594; Walling v. Fields, 209 Ala. 389, 96 So. 471.

■ Although the complaint may not now claim such damages, it may be done by an amendment. And when claimed, they are subject to recovery. We do not seem to have a case in Alabama to that effect, but it is said in 18 R.C.L. 73, that "Important in this class of damages (in malicious prosecution) is the injury to the plaintiff's reputation * * * and (it) may inflict a deeper injury upon the reputation of the party accused than the same words uttered under any other circumstances. Such an injury is beyond question included in the damages given in the action for malicious prosecution." See, also, the same authority, page 71, and 38 Corpus Juris 445. Those authorities note no conflict in the cases on that subject. And while injury to the reputation is compensable in this form of action, it does not seem ever to have been included in a case which received attention in this Court on that subject. It is not usually listed in our cases as one of the elements of compensation. Walling v. Fields, supra. But that does not mean that it may not be recovered when specially claimed and proven. It is not, however, primarily intended to recover such damages. The fact that they are recoverable is only an incident, an element, an aspect of the action.

■ The exceptions noted in section 5712, Code, applicable to actions for injuries to the reputation, we think, do not include those in which such claim may be united with others as a mere incident, and which is not the chief factor in characterizing the action. And the fact that it has never been treated in our cases as an element of damages is influential in interpreting the meaning of the statute to which we have referred. Whereas the actions of slander and libel are essentially for injury to the reputation, though plaintiff may in a proper case also recover damages to his business, for mental anguish, etc. 37 Corpus Juris 117. In one the injury to the reputation gives rise to the action; in the other, it is the injury to the physical aspect of the person or to his business or property rights which gives rise to the action.

We think, therefore, that an action for malicious prosecution is one which survives by virtue of section 5712, Code.

Let mandamus issue as prayed for unless respondent makes the order referred to upon being informed of this opinion.

Writ awarded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.