203 So.2d 146

**Joseph IVORY**

v.

**STATE.**

**1 Div. 242.**

Court of Appeals of Alabama.

Sept. 5, 1967.

Douglas Stanard, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CATES, Judge.

Ivory was observed by two officers from a vacant lot. He walked toward the sidewalk on Dearborn Street in Mobile. He had "some objects in the shape of gallon jugs in paper bags."

■ The officers who saw him had only had an anonymous telephone tip. This is not sufficient cause for a warrant. Brown v. State, 42 Ala.App. 429, 167 So.2d 281.

■ However, the testimony of one of the officers tends to show that it was not until after Ivory had dropped one of the jugs, thus releasing an odor of shinny whiskey, that the arrest was made. In aid of this olfactory perception, we cite the

well-known "look-like, smell-like, taste-like" statutory rule of evidence found in Code 1940, T. 29, § 125.

We quote from the State's brief:

"The issue raised is whether the arrest was made before or after the discovery of the whiskey. Roy J. Blount, Jr. [a Federal ATU officer] testified that he ran up to the defendant and the defendant dropped one or two jugs. When he smelled the odor of whiskey he arrested the defendant, Joe Ivory.

"The Court in trying to establish at what time the arrest was made asked the following question of Sam Trehern [a City policeman]:

"The Court: The arrest was made after the jug broke, wasn't it?

"Answer: The jug was broke. The boy had been grabbed and the Federal Officer told him he was under arrest.

"In Wilson et al. v. Orr, 210 Ala. 93, 97 So. 133 (1923) it is stated:

"[2 and 3] 'The actual possession of prohibited liquors by a person is a public offense, a misdemeanor, under our statute. Ex parte State (Re Harbin v. State), 97 So. 426. And an officer may arrest any person, without warrant on any day and at any time, who at the time of the arrest has in his actual possession prohibited liquors in the presence of the officer. It would be a misdemeanor, a public offense, committed in the officer's presence for which the offender could be arrested with or without a warrant by the official.'

"Appellee submits that since it is a jury question as to whether the offense was committed in the presence of an officer, and this case was heard by the judge rather than the jury, his finding should be upheld."

The judgment of conviction of possession of a prohibited (untaxed) liquor is due to be

Affirmed.